CIRCUIT COURT FOR MULTNOMAH COUNTY, APRIL TERM, 1870.

FREDERICK NORMAN v. AL. ZIEBER, SHERIFF.

JURISDICTION OF THE SUBJECT MATTER.—Although a complaint be ojectionable on the ground that it does not state facts sufficient to constitute a cause of action, the court may have jurisdiction, and may permit amendment.

WARRANT OF ARREST.—Under section 107 of the code it is not necessary that all the jurisdictional facts should be recited in the warrant of arrest. If these facts appear in some anterior part of the record, it is sufficient.

HABEAS CORPUS—JURISDICTIONAL FACTS.—The jurisdiction of a committing magistrate may be put in issue on the return of a writ of habeas corpus.

ARREST IN CIVIL CASES.—The jurisdiction to issue summary process of arrest in civil cases is made to depend on the affidavit.

IDEM.—When no affidavit is made, or that which is made does not present a legal foundation for the issuing the writ, the writ and all proceedings under it are void.

IDEM.—Authority to arrest for fraud under sec. 107 of the code, is limited to the kinds or classes of fraud there designated.

ABSCONDING DEBTOR.—The term "absconding debtor" defined.

THE petitioner sued out a writ of *habeas corpus*. It appears from the petition, and the return to the writ, that a civil action was commenced in a justice's court, to recover $46, upon on account stated, in which the plaintiff, Pierre Manceitt, filed an affidavit, and procured a warrant of arrest against this petitioner, who was defendant in the civil action, and caused the petitioner to be arrested. At the time the writ of *habeas corpus* was served on the sheriff, the petitioner was held in custody by the sheriff, by virtue of an order of commitment, a copy of which was annexed to the return, as follows:

"In Justice's Court, Central Portland precinct, Multnomah County, Oregon.

PIERRE MÁNCEITT ⎫
        v.      ⎬
FRED. NORMAN.   ⎭

The above named defendant having been brought before me, on a writ of arrest in the above entitled action, upon the ground that the defendant was about leaving the state, and the said defendant refusing to pay the account claimed by plaintiff, and in default thereof; it is hereby ordered that the said defendant be imprisoned in the county jail at the instance of plaintiff. To the sheriff of the said county and state. You are, therefore, in the name of the state of Oregon, commanded to receive into your custody, and safely keep the above named defendant, until otherwise legally discharged.

Portland, Oregon, April 6th, 1870.

JNO. C. WORK, J. P."

The sheriff, in his return, justified under this commitment, and no replication to the return was filed.

The petition sets out a copy of all the papers in the civil action, including the complaint, the affidavit and undertaking on which the warrant of arrest was issued, and the warrant.

The affidavit, after giving the venue the title of the court, and of the action, proceeds as follows:.

"I, P. Manceitt, being first duly sworn, say, that I am the plaintiff above named, that the defendant is indebted to me in the sum of $46, upon an account stated on or about the fifth of April, 1870, at which time defendant promised to pay said sum, $46. Although requested, he has failed to pay said sum, or any part thereof, and the same is now due and owing plaintiff from defendant. And that defendant is about to leave the state of Oregon, with intent to delay, hinder, and defraud his creditors."

*Mason* and *Gardner*, for the petitioner.

The complaint in the civil action, was insufficient to give the justice jurisdiction of any subject matter.

The undertaking is not sufficient.

The affidavit is not sufficient to warrant an arrest.

By art. 1, sec. 19, of the constitution, "There shall be no imprisonment for debt, except in cases of fraud, or absconding debtors."

The commitment is insufficient.

*W. Whaley, contra.*

The imprisonment is legal. It is not necessary under the statute that the commitment recite jurisdictional facts.

The court will not on *habeas corpus* go behind the commitment.

The affidavit for the warrant of arrest shows a case of fraud, and the justice of the peace had jurisdiction to pass upon the question of fraud.

UPTON, J. I do not deem it necessary to say more in regard to the complaint and undertaking in the original cause than that they do not present defects not curable in the court where the cause is still pending. The spirit of the practice act, and the practice of courts under it, sustain the position that a complaint may be objectionable, on the ground that it does state facts constituting a cause of action, and yet the court may have jurisdiction to permit an amendment. And I think it equally in accordance with the true construction and intent of the code, that if the sureties in the undertaking are deemed insufficient, relief in that respect should be sought by application to the court where the cause is pending. If the complaint was defective, the point being raised by demurrer, the justice would have jurisdiction to pass upon it, and the question should be first raised in that court, and if the court should err, there is a remedy either by appeal or by *certiorari*.

There are grave and sound reasons why an application should not be made, on these grounds, to the circuit court in this form, before a similar application has been presented to the justice of the peace.

In a general sense, the jurisdiction upon *habeas corpus* may be said to be appellate, but it is not, strictly speaking,

a power of revision of an order or judgment previously made or rendered, because, in form, it does not undertake to affirm or reverse, although it may arrest the execution. The jurisdiction on *habeas corpus* is not necessarily referred to the powers derived from that part of sec. 9, art. 7, of the constitution, which gave the circuit courts "appellate jurisdiction and supervisory control over the county courts, and all other inferior courts, officers and tribunals;" but it is, in general, treated as an exercise of original jurisdiction. And whether the jurisdiction be considered as original or as appellate, it is inconsistent with the comity essential to the harmonious co-operation of the several functions of a body politic, that even an appellate tribunal should reverse for error, and set aside a judgment or order made by another tribunal while acting within its proper jurisdiction, for reasons or upon grounds which were never presented to the consideration of the court where the order was made. The record shows that the civil action is still pending, and it does not show that the objections to the complaint and to the undertaking have ever been made in the justice's court. When a question is pending in a court having jurisdiction to determine it, and is still undetermined, it would certainly be an extraordinary proceeding to resort to the writ of *habeas corpus* to procure a decision of the question elsewhere, before such court had been called upon to decide it. There is a marked distinction, in this respect, between questions that are within the jurisdiction, and questions upon which such court can make no binding decision. Inasmuch as the justice of the peace has power to permit amendment of the complaint and of the undertaking, it is not necessary to inquire into their sufficiency in this proceeding.

It is claimed that the petitioner should be discharged because what is here called the commitment does not show on its face that the court had jurisdiction to issue it.

On the other hand, it is as confidently asserted that the commitment being regular on its face, the petitioner can not go behind it to show that the court did not in fact have jurisdiction.

The petition and return taken together, show that a writ of arrest was issued, predicated upon the affidavit, and show what the affidavit contained. The petition also shows all the subsequent steps that have been taken. The statute of this state does not require that a warrant shall recite all the facts that confer jurisdiction, although it is still necessary that they should appear in the record and files of the court. In my judgment, the case now at bar would not be materially different if the warrant of arrest or the commitment contained a recital of all that is set forth in the petition. (Code sec. 107, sub. 5.)

What is here said is not in conflict with the well settled doctrine that an inferior jurisdiction, proceeding not according to the course of the common law, must show affirmatively upon its record all the facts necessary to give jurisdiction. On the contrary, what is here decided goes no further than to construe the code of practice to enact that these facts need not be recited in the process under which a person is held in custody. If they affirmatively appear in some anterior part of the proceedings and record, it is sufficient.

If there was nothing before us but the return, setting out this paper called a commitment, it is plain that the return would be insufficient to justify the imprisonment, because that paper is not a process recognized and declared sufficient by the statute; nor is it one which recites the facts necessary to show that the court had jurisdiction. In fact, I look upon it as no more than an order remanding the defendant into the same custody, to be held under the writ of arrest. After judgment, a further process may issue under sec. 273, but I know of no reason why the writ of arrest is not of force until the defendant is discharged, or until judgment is rendered.

It has been laid down as law, that "when the return shows a detainer on process, the existence and validity of the process are the only facts upon which issue can be taken." (3 Hill 658, note; *People* v. *Cassels*, 5 Hill 164.)

But this must be taken with some qualification, for in the latter case it was also said, the court or judge "may also

inquire whether the committing magistrate had jurisdiction, and this notwithstanding a recital of the necessary jurisdictional facts." Since the writ of habeas corpus is not designed as a writ of review, and does not deal with errors such as will render the proceedings voidable, but with such departures from regularity as render the proceedings void, inquiry will be confined to questions that go to the jurisdiction.

"It is a rule essential to the efficient administration of justice, that where a court is *vested with jurisdiction* over the subject matter upon which it assumes to act, and *regularly obtains jurisdiction* of the person, it becomes its right and duty to decide every question which may arise in the cause, without interference *from any other tribunal.*" (*Smith* v. *McIver*, 9 Wheat. 532.) But "of the power to discharge from a void execution, no one ever doubted." (Hurd on Habeas Corpus, p. 342, 3 and 4.)

In the absence of statutory provisions to the contrary, it was formerly required that process of arrest or commitment, issued by inferior courts, recite all the facts necessary to show the jurisdiction of the magistrate; since that practice is dispensed with by statute, there is not the same reason for refusing to look beyond the face of the process as formerly, because it does not now appear upon the face of the process whether or not the magistrate had jurisdiction, and yet we find the weight of authority to have been, even under the former system, that the return might be disputed by showing want of jurisdiction, notwithstanding the process set out in the return, contained sufficient recitals. (Id. 397.)

I cannot doubt but that it is the right of the petitioner to dispute the jurisdiction of the court and ask to have the affidavit examined in order that it may be determined whether or not the writ of arrest is void.

There is no question but that the court had jurisdiction of the action; but the question is, whether there was jurisdiction to make the arrest. "Nothing shall be intended to be out of the jurisdiction of a superior court except that which specially appears to be so; on the contrary, nothing shall be intended to be within the jurisdiction of an inferior

court unless it be so expressly alleged." (1 Sanf. 74.) And it is laid down in 1 Smith's Leading Cases, 816, in regard to courts of record: "If the court is not in the exercise of its general jurisdiction, but of some special statutory juris- diction, it is as to such proceedings an inferior court and not aided by presumptions in favor of jurisdiction." In regard to courts of inferior jurisdiction, "if the record does not show upon its face the facts necessary to give jurisdic- tion, they will be presumed not to have existed;" but it is said this presumption may be rebutted and the jurisdic- tional facts established by extrinsic evidence. (Hurd on Habeas Corpus, 370.)

So, in this case, we may look into the affidavit, to see what was the statement on oath, that preceded the writ, although no other part of the record contains a recital of the oath.

The affidavit presents the vital question in the case, for the jurisdiction of the Court to issue the summary process, is made to depend on the affidavit.

"Where a court exercises an extraordinary power under a special statute prescribing its course, that course ought to be exactly observed." (*Thatcher* v. *Powell*, 6 Wheat. 119.)

"When, therefore, no affidavit is made or that which is made, does not present a legal foundation for the issuing of the writ, the writ and all proceedings under it, are *coram non judice* and void, unless the defect be waived by the act of the defendant, or is by statute amendable, and be amended." (*Smith* v. *Luce*, 14 Wend. 237; 18 Id. 611; 21 Ib. 672; 4 Hill 598; 7 Ib. 187.)

"If there is no statutory authority for amending an affi- davit, the court has no power to allow such an amendment." (26 Georgia, 577; 28 Ib. 27.)

The constitution of this state, art. 1, sec. 19, provides, "There shall be no imprisonment for debt, except in cases of fraud or absconding debtors." Section 106 of the code, provides that a defendant may be arrested in certain cases, there specified, and section 107 provides that the plaintiff shall be entitled to a writ of arrest when he shall make and file "an affidavit, that the plaintiff has a sufficient cause of

action therein, and that the case is one of those mentioned in section 106."

Affidavits that are the basis of statutory jurisdiction, must either "follow the language of the statute," or state such facts as to show that the case is clearly within the intent and meaning of the statute. It is not contended that it would be sufficient to insert in the affidavit the language of section 107. "That the case is one of those mentioned in section 106."

The 1st, 4th and 5th subdivisions of section 106, are all that it is necessary to refer to in this connection. They provide that the defendant may be arrested:

1st. "When he is a non-resident of this state, or is about to remove therefrom."

4th. "When the defendant has been guilty of a fraud in contracting the debt," * * * "or in concealing or disposing of the property," etc.

5th. "When the defendant has removed or disposed of his property, or is about to do so with intent to defraud his creditors."

The fourth and fifth subdivisions are referred to, to render it obvious that the allegations of the affidavit do not show a case within these subdivisions.

It was argued that if the affidavit did not show a case of an absconding debtor, it did show fraud. A conclusive answer to that position is that subdivisions 2, 4 and 5 specifically point out the *kinds and instances of fraud* that will justify an arrest; and there can be no pretense that the affidavit shows a case within either of those subdivisions. The constitutional provision is negative in its character, and has only a restrictive effect. It will not of its own force and without legislation, authorize an arrest in any case. The legislature having definitely provided in what cases and in what transactions the fraud shall be ground for an arrest, the authority to arrest for fraud is limited to the kinds or classes of fraud which the legislature has designated. The fraudulent intent mentioned in the affidavit does not come within any of the specifications of fraud pointed out in section 106. The remaining question is whether the affidavit

shows a case of an "*absconding* debtor" within the meaning of the constitution, and within the meaning of that part of the first subdivision of section 106, which provides that a defendant may be arrested when he "is not a resident of this state or is about to remove therefrom." The words "about to remove therefrom" are to be construed with reference to the subject matter, and with reference to the constitutional restriction. If the language will admit of a construction consistent with the constitution, such should be given, rather than a construction that would conflict with the constitution, and thus defeat the intent of the legislature by rendering their acts void.

The construction, to be consistent with the constitution, must include the idea of "absconding." Any "removal" that is neither fraudulent nor an absconding, could not under the constitution be made a cause of arrest. The act expressly names as cause of arrest, removal of property with intent to defraud creditors; and by omitting to mention the removal of the person with such intent, makes the conclusion unavoidable that the removal of the person with that intent is not of itself a ground of arrest, and that there must be an absconding, as distinguished from any other kind of fraud, to come within the provisions both of the act and of the constitution.

Bouvier defines "abscond:" "to go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed in order to avoid their process;" and the ordinary acceptation of the term includes an idea of secrecy. We must treat subdivision 1 of section 106 as unconstitutional and void, or it must be held that the "removal" that authorizes an arrest is something more than a mere leaving of the state in an open and public manner, or in the ordinary course of the defendant's business as an officer or seaman on board a vessel in which he has been habitually employed. The affidavit must be couched in the very words of the statute, or it must expressly show that the case is within the true intent and meaning of the act. It is not always the case that an affidavit following the words of the statute is sufficient, and it is not before me for determination whether

that would be sufficient under subdivision 1 of section 106 of the code. The affidavit in this case does not attempt to follow the language of the statute, nor does it state facts that show that the defendant had absconded, or was about to abscond, or was an absconding debtor; nor that he was guilty of, or about to commit any one of the kinds of fraud particularly specified in the statute as cause for arrest.

Until an affidavit is filed justifying an arrest, a magistrate has no jurisdiction to make the order or issue the warrant, and the proceeding, if any be had, is not voidable, but void. It is upon this ground alone that I feel justified in passing ultimately upon the application for a discharge, when the record does not disclose that an application was first made to the magistrate whose proceedings are called in question. But in this case the affidavit is insufficient and the court had no jurisdiction to issue the warrant or commitment. The petitioner is therefore entitled to be discharged from custody.