[Sac. No. 959.  Department Two.—August 7, 1902.]

## JOHN O. WELSH, Appellant, v. F. H. BARDSHAR, Respondent.

PLEADING—ADMISSIONS OF ORIGINAL ANSWER—AMENDMENT—FINDINGS. —An amended answer supersedes the original as a pleading; and it is immaterial that admissions contained in the original answer are inconsistent with the findings, if not expressly adopted as part of the amended answer.

ID.— CONSTRUCTION OF AMENDED ANSWER — REFERENCE.— Where the amended answer to a second cause of action refers to and adopts certain paragraphs ''of the answer to the first cause of action set forth in the complaint, and makes them a part of the amended answer to the second cause of action,'' etc., the intention of the pleader is manifestly to adopt the paragraphs of the amended answer, and not those of the original answer.

ID.—FINDING AGAINST ANSWER—WATER RIGHTS—INJUNCTION—APPEAL. —In an action to enjoin the interference of the defendant with plaintiff's water-ditch, where the defendant in his answer claimed the right to thirty inches of water, the fact that the findings and judgment awarded him only twenty-five inches of water is not the subject of complaint upon appeal of the plaintiff, on the ground that the findings are inconsistent with the answer.

ID.—FINDINGS—CLERICAL MISTAKE—PROBATIVE FACT—RIGHTS SUBJECT TO AGREEMENT.—A clerical mistake in the finding of a probative fact as to the date of a contract between the parties adjusting water rights of the defendant is immaterial where the court finds that plaintiff's ownership of his water-ditch is subject to defendant's rights under the agreement, and awards to the defendant less water than that allowed by the agreement.

APPEAL from a judgment of the Superior Court of Siskiyou County.  J. S. Beard, Judge.

The facts are stated in the opinion.

L. F. Coburn, for Appellant.

Gillis & Tapscott, for Respondent.

COOPER, C.—This action was brought to restrain defendant from interfering with a certain water-ditch alleged to belong to plaintiff, and to recover damages for alleged wrongful acts of defendant.

The case was tried before the court, findings filed, and judgment thereupon entered for defendant.

The appeal is from the judgment on the judgment-roll, and the sufficiency of the evidence to justify the findings is not questioned. Appellant claims that the findings are contradictory and contrary to the admissions of the answer in several respects. This claim is based upon the contention that the original answer is, as to certain matters, made the answer in the case, and that the portions of the answer so claimed to be the defendant's pleading, contain admissions contrary to the findings.

The amended answer superseded the original as a pleading. (*Gilman* v. *Cosgrove,* 22 Cal. 358; *Pfister* v. *Wade,* 69 Cal. 133; *Schneider* v. *Brown,* 85 Cal. 206.)

The answer, as amended, contains certain specific denials, and averments, numbered in paragraphs 1, 2, 3, 4, and 5, as to the first count or cause of action alleged in the complaint. It is then alleged in paragraph 6 as follows:—

"And for amended answer to the second cause of action set forth in the complaint herein, defendant adopts paragraphs 1, 2, 3, 4, and 5 of the answer to the first cause of action set forth in the complaint, and makes them a part of the amended answer to the second cause of action herein, the same as if they were repeated herein."

We think it was plainly the intention of the pleader to adopt the preceding paragraphs of the amended answer. The answer referred to the answer as amended. This was evidently the construction placed upon it by the parties and by the court in making its findings. Paragraph 6 of the amended answer is in almost precise language of an allegation at the end of paragraph 5 of the original answer, in which defendant adopts paragraphs 1 to 5 inclusive of his answer to the first cause of action, "and makes them a part of his answer to the second cause of action."

Hence it is plainly seen that the reference in the amended answer is to its preceding paragraphs, and not to the original answer.

Appellant contends that under the amended answer, as we have construed it, the defendant claims thirty inches of the waters of the ditch and admits that he threatens to divert that amount of water. He then complains that the court

finds—contrary to the admissions of the answer—that the defendant only claims twenty-five inches, and gives judgment for that amount to defendant. If the defendant were the complaining party there would be much force in the contention, but we do not see that appellant has any cause of complaint because the defendant did not get the right to thirty inches of water instead of twenty-five. The court found upon the issue, and the finding is for a less amount of water than the defendant claims in his answer. It is urged that the court found that the contract with the predecessors in interest of the defendant, by which they agreed to allow the plaintiff to construct the ditch across their lands in consideration of the right to take from the ditch thirty inches of water, was made on April 1, 1898, which was long after the completion of the ditch and after the defendant had become the owner of the land. This is evidently a clerical mistake, as the answer alleges the contract to have been made April 1, 1888.

However, this finding is only of a probative fact, and may be regarded as immaterial, in view of the fact that the court elsewhere finds that plaintiff is the owner of the ditch subject to defendant's rights under the agreement, and "that the water that he has taken from said ditch has been under the said agreement and in accordance therewith." The judgment gives defendant no greater rights than is given by the agreement found by the court. In fact it gives him less, as the agreement is, that he may take thirty inches of water "at any place or places along the line of the ditch," and the judgment is, that he may take twenty-five inches at such place or places. In view of the fact that the findings support the judgment and respond to the issues made by the pleadings, we advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.