THE WOODMONT ASSOCIATION *vs.* THE TOWN OF MILFORD.

Third Judicial District, Bridgeport, April Term, 1912.
PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

An Act expressly repealing inconsistent Acts or parts of Acts adds nothing to what would result by implication. Such repeals are not favored, and will not be extended beyond the reason therefor, nor presumed where the earlier and later statutes may be reconciled.

The action or non-action of administrative boards may become the subject of judicial review whenever it is claimed, among other things, that it works material damage to individual or corporate rights, or invades or threatens such rights, or is so unreasonable as to justify judicial intervention, or is not consonant with justice, or that a legal duty has not been performed.

When there is doubt as to the jurisdiction of such a board, a motion to dismiss the proceeding before it for want of jurisdiction should be denied.

Where a judge is by statute constituted a special tribunal with definite limited powers, whose jurisdiction of the subject-matter is made dependent upon the existence of certain prescribed conditions, until and unless the existence of such conditions is averred and proven and affirmatively appears of record, he is without authority to act, and any attempted action on his part is *coram non judice* and void.

No presumption will be made in favor of jurisdiction.

The objection of want of jurisdiction may be made at any time, and the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention.

Where a statute permits an application to a judge to determine the amount of money to be paid by a town to a borough within it for highway construction and improvement, only in the event of a disagreement between the selectmen and burgess representatives upon a joint board, the application must aver such disagreement, since it is a jurisdictional fact.

Such an application, lacking such an averment, may not be made sufficient by amendment, since the allowance of an amendment involves the assumption and exercise of jurisdiction.

Argued April 16th—decided July 19th, 1912.

APPLICATION to the *Hon. Lucien F. Burpee,* a judge of the Superior Court, to fix and determine the amount

of money that the defendant shall pay to the plaintiff for making and repairing highways, and for maintaining other public works, within the territory of the plaintiff during the year beginning September 1st, 1911, brought pursuant to § 36 of the applicant's charter (14 Special Laws, p. 464); the defendant's motion to dismiss the application was granted, and judgment rendered dis-' missing it, and the plaintiff appealed. *No error.*

The section of the charter referred to reads as follows: "Sec. 36. It shall be the duty of the selectmen of the town of Milford and an equal number of the burgesses, annually to determine the amount of money that the town of Milford shall pay over to the association for the making, repairing, and laying out of the highways and sidewalks, for maintaining a fire department and street hydrants, and for lighting the streets within the territory of said association; provided, however, that no money shall be paid to said association for making and repairing sidewalks, for maintaining a fire department, or street hydrants, or for lighting the streets within the territory of said association, or for any of such purposes, unless the town of Milford shall appropriate moneys for the same purposes to be expended within the limits of said town outside the limits of said association; and in case the selectmen and the burgesses aforesaid cannot agree upon the amount of money to be paid by said town, then either the said town of Milford or said association may apply to any judge of the Superior Court to have him fix and determine the amount that shall be paid by said town to said association. Said judge shall cause reasonable notice thereof to be given to the parties of the time when and place where he will hear said cause, and said judge is hereby empowered to fully hear said parties and determine the amount that said town shall pay to said association for the current year, and shall file his opinion with the

clerk of the Superior Court for New Haven county. The sum thus determined shall be paid by said town into the treasury of said association and said town shall not be liable to make or repair any highways or sidewalks within the limits of said association; but said town shall continue to be liable to make and repair all bridges in the territory included in said association."

The complaint alleges, in substance, that the applicant is a municipal corporation chartered by the General Assembly, and located within the limits of the defendant town; that the annual tax of said town yielded about $71,000, of which about $24,000 was spent for certain general town purposes; that of this sum of $71,000 about $11,000 was paid by residents of the applicant association; that the entire expense of maintaining highways, sidewalks, a fire department, street hydrants, and street lights within the limits of the association is directly borne by the association, the town of Milford expending nothing directly therefor, or for any other purpose whatsoever; that it was and is necessary for the association to lay out and expend for the current year between $8,000 and $9,000 for the purposes named; that it is in want of money to meet such necessary expenditure; that the selectmen and board of finance of the town and an equal number of burgesses of the association have held several meetings for the purpose of determining the amount of money that the town should pay over to the association for the purposes enumerated in § 36 of the charter from the first day of September, 1911, to the first day of September, 1912, and that said selectmen and the board of finance and said equal number of burgesses cannot agree upon an amount to be so paid for such purposes, or for any other purpose where money is required from said association that is legally to be paid by said town to said association.

The judge was asked to fix and determine the amount to be paid by the town to the applicant conformably to the provisions of the above § 36.

*William Kennedy* and *Spotswood D. Bowers*, for the appellant (plaintiff).

*Robert C. Stoddard* and *Omar W. Platt*, for the appellee (defendant).

PRENTICE, J.   This application was brought under the assumed authority of § 36 of the applicant's charter.   14 Special Laws, p. 464.   It was dismissed upon motion upon three jurisdictional grounds, to wit: (1) that said section had been repealed, (2) that its allegations did not show that the prescribed conditions precedent to its presentation existed, and (3) that it did not present a question of judicial cognizance.

The claim of repeal rests upon the enactment in 1911 of an Act creating a department of finance in the town of Milford.   16 Special Laws (1911), p. 91.   This Act contains no express repeal of the charter section.   The only repeal expressed in it is one of inconsistent Acts and parts of Acts.   This provision added nothing to what would have resulted by implication.   "Such repeals are not favored, and will not be extended beyond the reason therefor, nor presumed where the old and new may stand together. . . .   If both the earlier and later statute can be reconciled, they must stand and have concurrent operation. . . .   The repugnancy between the two statutes must be clear and manifest, to warrant a court in holding that the latter repeals the former. . . .   Repeals by implication extend to only so much of the prior statute as is within the reason of the repeal.   They are never extended further than the inconsistency compels."   *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, 446, 53 Atl. 960.

Reading the two enactments under consideration together, we discover no good reason why they may not both stand and have concurrent operation. It is true, of course, that, as a result of the passage of the Act of 1911, there can be no allotment or appropriation to the applicant of any sum or sums for any of the several purposes enumerated in § 36, by the action of the joint body specified, until there has first been an appropriation or appropriations by the town for such purpose or purposes, or to some other available fund, pursuant to the method ordained in the Act, and then only within the limits of such appropriation or appropriations. But we discover no inconsistency between that proposition and the further one that, after the requisite appropriations have been made by the town, in the manner prescribed by the Act of 1911, and the funds have thus been put at the service of the town officials, the joint board may proceed, as provided in the charter section, to designate a portion thereof to be paid over to the Woodmont Association, to be expended under its direction for the purposes for which the appropriations were made. Doubtless the Act would thus operate in restraint of the freedom of action of the board, and thus limit the power which it previously enjoyed. But this restraint is not one which is necessarily, or by reasonable implication, destructive of all the powers conferred upon it in the matter of payments directly to the applicant. To the extent suggested the provisions of the two enactments may well be reconciled, and stand together, with the result that a condition of disagreement might arise such as under the terms of § 36 would justify an application to a judge.

The present application was not drawn with the care which might have been bestowed upon it, to the end that it clearly and unmistakably appear that judicial questions were presented. There are, indeed, strong

indications that it was within its purpose to have the judge pass upon certain purely administrative ones. But that fact would not justify its dismissal if a judicial question was also presented. *Spencer's Appeal,* 78 Conn. 301, 303, 61 Atl. 1010. A judicial question may arise out of, or as incidental to, action upon a purely administrative matter. *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 599, 37 Atl. 1080, 38 id. 708. The action or non-action of administrative boards may become the subject of judicial inquiry or review whenever it is claimed, among other conditions, that it works material damage to individual or corporate rights, or invades or threatens such rights, or is so unreasonable as to justify judicial intervention, or is not consonant with justice, or that a legal duty has not been performed. *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 35, 78 Atl. 587; *New York, N. H. & H. R. Co.'s Appeal,* 80 Conn. 623, 636, 70 Atl. 26; *Spencer's Appeal,* 78 Conn. 301, 308, 61 Atl. 1010; *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 599, 37 Atl. 1080, 38 id. 708; *Fenwick Hall Co.* v. *Old Saybrook,* 69 Conn. 32, 39, 36 Atl. 1068; *State ex rel. Morris* v. *Bulkeley,* 61 Conn. 287, 375, 23 Atl. 186. "In a doubtful case the motion [i. e. to dismiss] should be denied. And where the power in controversy is 'so near the border line of judicial power that its definition calls for subtle distinctions and its nature depends to an extent on the purpose and manner of its use,' the question of law may be dependent upon further allegations before the test of the question of power can be applied, or it may have to await the trial." *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 32, 78 Atl. 587.

There runs through this application the underlying complaint that a legal duty has not been done; that the rights of the applicant, as representing its taxpayer residents, inherent in the situation disclosed, and recog-

nized and protected by its charter provision noted, have been ignored; and that the situation which has developed by reason of the action of the town and its authorities is not consonant with justice, and so unreasonable and unfair as to justify judicial interference. This grievance, it is true, has not been as distinctly brought out in the allegations as it might have been. But it is so palpably there that it could not properly be disregarded, upon a motion to dismiss, for the reason that the proceeding was one which presented administrative questions only.

The right of the judge to whom the application was addressed to entertain it rests entirely upon the provisions of the charter (§ 36) already referred to. By force of them the judge whose action should be invoked was constituted a special tribunal with defined limited powers, whose jurisdiction of the subject-matter was made dependent upon the existence of certain prescribed conditions. Until and unless such conditions had come into existence he would be wholly without authority to act, and any attempted action on his part would be *coram non judice* and void. *Rhode Island* v. *Massachusetts,* 12 Pet. (37 U. S.) 657, 719; *Grumon* v. *Raymond,* 1 Conn. 40, 46; *Sears* v. *Terry,* 26 id. 273, 280; *Culver's Appeal,* 48 id. 165, 173. Any order he might make, or final judgment in form render, would be without effect, if the existence of the prerequisite facts showing jurisdiction did not appear upon the record. *Rhode Island* v. *Massachusetts,* 12 Pet. (37 U. S.) 657, 719; *Sears* v. *Terry,* 26 Conn. 273, 281, 285. No presumption would be made in favor of jurisdiction. The facts establishing it must affirmatively appear. They must be averred and proven. *Sears* v. *Terry,* 26 Conn. 273, 281. Until the existence of the prerequisites of jurisdiction appears in the papers, and jurisdiction is thus prima facie shown, the judge could not take hold

of the proceeding. To do so would be to assume jurisdiction without apparent authority. "The power to hear and determine a cause is jurisdiction; it is *coram judice*, whenever a case is presented which brings this power into action; if the petitioner states such a case in his petition that on a demurrer the court would render judgment in his favour, it is an undoubted case of jurisdiction, whether on an answer denying and putting in issue the allegations of the petition, the petitioner makes out his case, is the exercise of jurisdiction conferred by the filing of a petition containing all the requisites and in the manner prescribed by law." *United States* v. *Arredondo*, 6 Pet. (31 U. S.) 691, 709. The objection of want of jurisdiction may be made at any time. *Banks* v. *Porter*, 39 Conn. 307, 308; *Rhode Island* v. *Massachusetts*, 12 Pet. (37 U. S.) 657, 717. And the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. *State* v. *Carroll*, 38 Conn. 449, 455; *State* v. *Pritchard*, 35 Conn. 319, 325. Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it "can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." *Rhode Island* v. *Massachusetts*, 12 Pet. (37 U. S.) 657, 717; *Denton* v. *Danbury*, 48 Conn. 368, 372.

The charter provision permits an application to a judge only in the event of a disagreement of the selectmen and burgess representatives upon the joint board. This disagreement is clearly a jurisdictional fact. Without it action by a judge cannot be invoked. The application does not aver such a disagreement; nor does the allegation that another body of men has vainly tried to agree supply the deficiency. Jurisdiction is predicated upon a prescribed situation, and no other.

Woodmont Asso. *v.* Milford.

It is not a sufficient answer to this objection to say that the application might possibly have been amended so that the necessary fact be made to appear, and that an opportunity for such amendment should have been given. Such a course would in itself have involved an assumption of jurisdiction. It would have been the taking of a step in the proceeding, which could not be taken until jurisdiction had first attached by the presentation of an adequate application showing the jurisdictional facts. The judge was therefore right in declining to proceed with the matter, and in dismissing the application for want of jurisdiction. No other course was open to him. *Denton* v. *Danbury*, 48 Conn. 368, 372.

There is no error.

In this opinion THAYER, RORABACK and RALPH WHEELER, Js., concurred.

GEORGE W. WHEELER, J. (dissenting). The defendant moved to dismiss the application upon the sole ground that it did not present a question for judicial cognizance. The trial court granted the application upon this (1) ground and two other grounds, viz., (2) that § 36 of the Special Laws of 1903, p. 464, had been repealed, (3) that the application did not cover a failure to agree by the selectmen and burgesses, which, under § 36 of the charter, was a jurisdictional fact essential to give the judge jurisdiction of the cause.

This court holds that the trial judge was in error in dismissing the application on the first two grounds stated, but right on the third ground.

Section 36 makes it the duty of the selectmen and an equal number of burgesses annually to determine the proportion of the moneys raised by taxes which Milford shall pay to the Woodmont Association. "And in case the selectmen and the burgesses aforesaid can-

not agree upon the amount of money to be paid by said town, then either the said town of Milford or said association may apply to any judge of the Superior Court to have him fix and determine the amount that shall be paid by said town to said association."

Paragraph nine of the application alleges that "said selectmen and the board of finance of said town of Milford and said equal number of burgesses of the Woodmont Association cannot agree upon the amount of money to be paid," etc.

It is said this is not an allegation that the selectmen and an equal number of burgesses cannot agree. If one says *A*, *B* and *C* cannot agree about Blackacre, it is said, this is not an allegation that *A* and *C* cannot agree. If we grant that this language, taken apart from its surroundings in this case, is suceptible of such an interpretation, is it true that this is the only interpretation which can reasonably be given it? Or is it fairly open to a construction that neither of the parties can agree with the other?

We think it must be conceded that this language is open to such a construction.

On a motion to dismiss for lack of jurisdiction, that construction should be adopted which will support the action, rather than one which will compel the beginning again the same cause of action; especially, as in this case, one which is manifestly a real one, involving the public welfare, and whose final decision is the desire of two communities.

This application should be accorded such reasonable construction as will give it effect with reference to the general theory upon which it proceeds, and do substantial justice. *Price* v. *Bouteiller*, 79 Conn. 255, 257, 64 Atl. 227. The theory of the action is an attempt to take advantage of the appeal provided for by § 36. It is our duty to read the pleadings together as a whole,

and to construe the application according to this theory. 31 Cyc. 83. So read, it is clear from the admissions made (paragraphs four and nine of answer, and eight of reply) that the plaintiff relied upon the disagreement provided for in § 36, and believed that its application so alleged.

"The common-law rule as to construing pleadings . . . has been either abrogated or at least much relaxed in the code states by statutes requiring pleadings to be liberally construed." 31 Cyc. 79. We had no occasion for a statute of this character; for our court adopted, as early as 1826, in *Case* v. *Humphrey*, 6 Conn. 130, 137, a rule of construction of unusual liberality for that day. It exactly covers this allegation of disagreement. "It is a maxim in pleading, if the words are equivocal, that they shall be construed most strongly against the party using them. Co. Litt. 303b; 1 Wms. Saund. 259, n8; *Dovaston* v. *Payne*, 2 H. Black. 530. This, however, is not an isolated rule, but must be construed in harmony with other well settled principles. It means no more than this: that when the intendment of words cannot be ascertained, by the admitted rules of construction, and there still remains an ambiguity, that then, against the party pleading, the exposition must be unfavourable. But as the plainest expressions, under the influence of refined and subtle criticisms, may sometimes be the subject of doubt; and as the principle is well established, that the language of the pleader must have a reasonable intendment and construction; to remove ambiguity, an auxiliary rule has been adopted. It is this, that when an expression is capable of different meanings, that shall be taken, which will support the declaration or plea, and not that which would defeat it."

Allegations not in harmony with the theory of the pleading will be considered by a court as surplusage. 31 Cyc. 84; *Vedder* v. *Leamon*, 70 N. Y. App. Div. 252,

75 N. Y. Supp. 413; *Soper* v. *Jones,* 56 Md. 503; *Perry* v. *Marsh,* 25 Ala. 659. Construing paragraph nine of the complaint in the light of this rule, the words "board of finance" would be treated as surplusage.

The issues were closed and closed by attorneys who appeared for the respondents as they state,—the selectmen and board of finance,—to whom notice of the action was given. Thereafter these respondents moved to dismiss on the sole ground that the questions involved were administrative and not judicial. We have held their motion bad. It was indeed the duty of the judge to dismiss the action for lack of jurisdiction, *sua sponte.* But his action is determined by the judgment, and not by the reasons assigned in his memorandum of decision. The judgment recites: "And having fully heard the parties on said motion to dismiss the application, I find the issues on said motion in favor of the respondent, and that said application ought to be dismissed, because a judge of the Superior Court has no jurisdiction in the premises."

Therefore the judgment is rendered on the issue raised by the motion to dismiss, and that issue we find wrongly determined.

Not alone from the course of the pleading, but in the oral and printed argument, we find these respondents have construed this allegation of disagreement as the plaintiff does. In their brief the respondents do not refer to it.

While the agreement of the parties cannot give jurisdiction, their acquiescence in the construction of the language of a pleading susceptible of two or more interpretations is almost controlling. "Where it is apparent that both parties have placed a certain construction upon a pleading, that construction will usually be adopted by the court if possible." 31 Cyc. 85; *Welsh* v. *Bardshar,* 137 Cal. 154, 69 Pac. 977.

If the language of paragraph nine of the application is capable of two or more constructions, the joining of issue was a waiver by the town of its right to thereafter claim a construction which would deny the judge jurisdiction of the cause. After issue joined, the motion to dismiss came too late. Practice Book (1908) p. 247, §§ 155, 155(a); *Tracy* v. *New York, N. H. & H. R. Co.,* 82 Conn. 1, 7, 72 Atl. 156.

The failure to allege a jurisdictional fact may be waived. Thus it is held that upon a trial of the merits it is too late to raise the jurisdictional question of diverse citizenship. *Smith* v. *Kernochen,* 7 How. (U. S.) 198; Estee on Pleading, § 3359. One who has the opportunity to contest a jurisdictional fact, but does not, cannot thereafter make such contest. *Cooper* v. *Sunderland,* 3 Iowa, 114, 128. Under these circumstances the judge could not avoid the effect of the waiver without the request and against the wish and interest too of the respondents.

The Special Act 1911, p. 91, No. 100, creating a board of finance, devolved upon them certain duties which would normally be performed by the selectmen. They make the estimates of the moneys required to be appropriated for the needs of the town and of the rate of taxation, and recommend these to the town. So that, as representatives and officials of the town, they have a common interest. The board of finance is composed of the first selectman and six electors of the town, appointed by the board of selectmen.

The claim of the town was that the problem before *Judge Burpee* was that before the board of finance. At all points in the case the position of the town, and board, and selectmen are the same. The contest is one where all the respondents are on one side and the association on the other.

There is only one disagreement referred to, that

between the town and the association. And the town, selectmen, and board have taken one position in the pleadings, in their brief, and their oral argument.

The complaint in terms alleges that the application is made under § 36, and the answer recites the allegation of disagreement between selectmen and burgesses, and this allegation is admitted. So that the parties were in agreement as to this.

There is no foundation in fact in this case for a claim that the disagreement may have been between the board and the burgesses, rather than the selectmen and the burgesses. But if the allegation of disagreement be defective, it was amendable, and the dismissal without according this privilege was improper.

A complaint, defective for lack of a jurisdictional fact, and capable of amendment, should not be dismissed, but the defect left to be met by plea or demurrer which admit of amendment. Our statutes of amendment, as construed by our decisions, invite the amendment of every form of defect which will make a pleading good. We make no exception where the defects are jurisdictional. Indeed, we provide that the plea to the jurisdiction must point out how the defect might have been avoided. General Statutes, § 636. These statutes, together with our practice liberally interpreting them (*Sanford* v. *Bacon*, 75 Conn. 541, 543, 54 Atl. 204), make it plain that every complaint which fails to state a jurisdictional defect, and is capable of amendment, may be amended; as may be any complaint so that it may state a good cause of action. And where the writ was held to abate, we have allowed an amendment. *Hilton* v. *Osgood*, 49 Conn. 110, 111.

In the federal court, where diverse citizenship is an allegation essential to give jurisdiction, its failure may be supplied by amendment. *Nevada Co.* v. *Farnsworth*, 89 Fed. Rep. 164, 168; *Morgan* v. *Gay*, 19 Wall. (U. S.)

81. The court held in a similar case that the right of amendment existed under the United States statute of amendments. "Nevertheless," says the United States Circuit Court, "the plaintiff in error asserts that as the complaint, at the time the attachment was issued, did not contain the necessary jurisdictional averments, every step taken in the cause prior to the amendment was void, and that the amendment of the complaint could not impart vitality or validity to anything done before the amendment was made. This contention is wholly untenable. It is every-day practice to allow amendments of the character of those made in this case, and when they are made they have relation to the date of the filing of the complaint or the issuing of the writ or process amended." *Bowden* v. *Burnham,* 59 Fed. Rep. 752, 754. A similar ruling was made in *Norman* v. *Zieber,* 3 Ore. 197. So in *People* v. *McCaffrey,* 75 Mich. 115, an amendment was allowed where a jurisdictional averment of residence of a party was omitted. *Chafee* v. *Postal Tel. Co.,* 35 S. Car. 372, 380, 14 S. E. 764; 1 Ency. of Pl. & Pr. 472; 17 Amer. & Eng. Ency. of Law (2d Ed.) 1066. In 1 Ency. of Pl. & Pr. 511, we find it stated: "Where the court has jurisdiction of the subject-matter, and the defendant has appeared in court to contest the merits, the declaration or complaint may be amended by inserting averments necessary to perfect the jurisdiction of the court upon the record."

In this case the judge has jurisdiction of the general subject, but it is claimed a jurisdictional fact is wanting. It is the distinctive feature of our practice that we will not permit the ends of justice to be sacrificed by unnecessary adherence to technicalities. This action is a difference between public officials, each of whom, we must presume, is acting in the light of duty. And it may be said, with as much force in this case as in *Dun-*

*nett* v. *Thornton,* 73 Conn. 1, 14, 46 Atl. 158:·"Every consideration of justice requires that the plaintiff should be enabled to pursue an action honestly brought, and to perfect his statement of facts supporting the cause of action indicated and which he intended to try, even though his statement may be defective in substance and misdescribe the facts."

The judge in this case was constituted a special tribunal, whose authority to hear the particular case depended upon the averment of the jurisdictional fact that the town and association had failed to agree. The cause of action committed to him by the statute was the determination of the amount of money to be paid the association by the town. Before he could act it was necessary that the allegation of failure to agree appear. His power to deal with the general subject involved in the action was his jurisdiction of the subject-matter. 17 Amer. & Eng. Ency. of Law (2d Ed.) 1060. Action by him, in the absence of averment of such failure to agree, would be an erroneous exercise of his jurisdiction over a general subject within his jurisdiction. "Jurisdiction of the subject matter is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question." Works on Courts and Jurisdiction, 19; 17 Amer. & Eng. Ency. of Law (2d Ed.) 1060; *Hunt* v. *Hunt,* 72 N. Y. 217, 229; *Winningham* v. *Trueblood,* 149 Mo. 572, 580, 51 S. W. 399. "It is not confined within the particular facts, which must be shown before a court or judge, to make out a specific and immediate cause of action; it is as extensive as the general or abstract question, which falls within the power of the tribunal or officer to act concerning." *Lange* v. *Benedict,* 73 N. Y. 12, 27; *Jackson* v. *Smith,* 120 Ind. 520, 522, 22 N. E. 431. "Want of jurisdiction is one thing, and an erroneous

exercise of an admitted jurisdiction is quite another."
*Terry's Appeal,* 67 Conn. 181, 185, 34 Atl. 1032.

When the tribunal can have no jurisdiction over the
subject-matter of the litigation, it is clear that there is
and can be no power to amend. When, on the other
hand, the judge is authorized to act in a certain class of
litigation, upon the presentation of a set of facts bring-
ing the cause before him within this-class, he clearly
has the power to permit amendments to cure the cause
of action stated of its defect, even though that be the
omission of a jurisdictional fact.

The judge had jurisdiction over this class of actions,
but the complaint did not contain the essential aver-
ment to show it. "In other words, the amendment did
not create or confer the jurisdiction; it only brought on
the record a proper averment of a fact showing its
existence from the commencement of the suit." *Bow-
den* v. *Burnham,* 59 Fed. Rep. 752, 754.

The judgment upon the motion to dismiss is final.
The motion ought never to be entertained in a case
where the jurisdictional defect can be cured by amend-
ment. "If a case shows a bona fide claim within the
jurisdiction of the court, with a reasonable plausibility
in support thereof, it behooves the court to pass on the
merits on a formal plea, demurrer, or answer, rather
than summarily on a motion to dismiss." *York County
Sav. Bank* v. *Abbot,* 131 Fed. Rep. 980, 982; *Norton* v.
*Shore Line Electric Ry. Co.,* 84 Conn. 24, 32, 78 Atl. 587.

The undoubted facts show a bona fide cause of action.
It seriously affects public interests. The respondent
desires it to be disposed of on its merits, in case the
ground of its motion to dismiss be held untenable.
It joined issue and overlooked this jurisdictional defect.
It refuses now to urge its consideration on this appeal.
What valid reason can be suggested for turning the
parties out of court to bring the same application anew

with a single change, the omission of the words "board of finance"?

I think there is error, and that the judgment of dismissal should be set aside, and the cause remanded to be proceeded with according to law.