## RAYMOND N. KELLOGG, JR.
*vs.*
## SELECTMEN OF THE TOWN OF RIDGEFIELD

Superior Court        Fairfield County        File No. 61227

MEMORANDUM FILED DECEMBER 27, 1940.

*William Hanna,* of Danbury, for the Plaintiff.

*Freeman Light,* of South Norwalk, for the Defendants.

O'SULLIVAN, J.  On August 14, 1940, the plaintiff pre-sented to the selectmen of the Town of Ridgefield an applica-tion for a certificate of approval of a parcel of land located at number 152 Main Street, which was to be used as a gas station. He also paid all the fees and costs required of him by statute. After due notice was given, the selectmen held a hearing and thereafter denied the application and refused to issue the requested certificate.  Claiming to be aggrieved by this action, the plaintiff took his appeal to this court.

Everyone recognizes that the extent to which this court may go on an appeal of this nature is to determine whether the selectmen acted arbitrarily, illegally or in abuse of their discre-tion.  *Moynihan's Appeal,* 75 Conn. 358.  The character of the work required of administrative bodies is such as to warrant the extension to them of a considerable latitude of discretion for the expression of policies deemed important to their locali-ties.  For a court to substitute its own notion on any given subject matter previously passed upon by these boards is fun-

damentally unsound and so recognized by judicial interpreta-tion. *Piccolo vs. West Haven,* 120 Conn. 449; *Torello vs. Board of Zoning Appeals,* 127 id. 307.

Nevertheless, boards of selectmen must always remain within proper limits and, failing so to do, their action is reviewable at the instance of an aggrieved party whose right, on appeal, is to urge the overstepping of the bounds of legal discretion and the illegality of the action under criticism. Such a party may demonstrate, among other things, that the board adopted an improper reason in reaching its conclusion or that it abused its discretion in the use and application of those reasons which are deemed proper. The plaintiff pursues this course in the instant case.

In the first place, he maintains that one of the considerations prompting the selectmen was improper and, therefore, illegal. It appears that some time after the hearing, the three select-men conferred and by a vote of two to one decided to deny the application. The majority then signed a typewritten order or finding that "said place or station is not suitable for the sale of gasoline and other products, and *that public convenience and necessity do not require the same to be sold there.*"

The italicized words furnish ample proof that one of the factors of moment with the selectmen concerned itself with the public need for another gas station in Ridgefield. Protesta-tions to the contrary now made by two of the defendants, no other conclusion can be reached than that, by its incorpora tion in the order or finding, the selectmen were influenced in their action by a reason which is no reason at all. In fact, it is an improper reason and one which the law will not coun-tenance. Every person has the right to sell gasoline on his own premises, subject only to reasonable regulations for the safety and health of his neighbor and the public. Selling gas-oline is not like the selling of electricity or water. These latter are affected with a public interest and may be exercised only by virtue of a public grant, a condition not essential for the sale of gasoline. *Perdue vs. Zoning Board of Appeals,* 118 Conn. 174.

Therefore, the selectmen erred when they assumed that the right to the issuance of a certificate of approval was dependent in any manner upon the public need for another station.

They also ascribed as a reason for their refusal that the

location was not suitable. It seems apparent, however, that this ground was, in their judgment, not sufficient to form the basis for a denial of a certificate in view of the fact that they added the other reason concerning the public need, which, as has been explained, was an improper factor to consider.

This is amply borne out not only from the testimony but from an examination made by the court upon the conclusion of the trial. The location is on Main Street facing the Danbury Road which bends to the left or the west in a sweeping arc as it merges into Main Street. The intersection is very large. Save for one instance, no serious accident has occurred in the immediate vicinity in a great many years. The State Police authorities who are familiar with the locality deem the intersection a safe one and the proposed gas station site as desirable. For some time past, the location has had upon it a tavern whose patrons drive their automobiles upon it for the purpose of parking and no hazard has resulted therefrom. The presence of another station would not increase the flow of traffic. No theatres, churches, schools or public halls are within one-half mile of the site.

All in all, no appreciable traffic hazard will follow the establishment of the proposed gas station. Consequently, the selectmen could not reasonably have reached the conclusion that the location was unsuitable, even though they ignored all reference to the public need for another gas station.

Accordingly, judgment may enter sustaining the appeal and ordering the selectmen to issue to the plaintiff a certificate of approval for number 152 Main Street, Ridgefield, as a suitable location for the sale of gasoline and other products for use in motor vehicles.

Under the circumstances, no costs shall be taxed against the defendants.