[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT
On January 18, 2001, this court issued its decision granting the motion of the defendant, Stop Shop Supermarket Co., to dismiss the plaintiff's complaint on the ground that the plaintiff, Alliance Energy Corp., was not aggrieved and therefore lacked standing to bring the action. The plaintiff filed a motion to reargue the decision and a request for leave to file an amended complaint, accompanied by the amended complaint. Defendant objects to both.
The plaintiff seeks to amend its complaint to state the existence of licenses that, the plaintiff claims, establish a property interest. Although the pleadings did not raise the issue prior to the court's dismissal of the action, the plaintiff now argues that its licenses, which include licenses for the sale of dairy products, cigarettes, lottery tickets and gasoline, are comparable to a physician's license to practice medicine, which is a property interest afforded constitutional protection. State Medical Society v. Board of Examiners in Podiatry,203 Conn. 295, 524 A.2d 636 (1987), appeal after remand, 208 Conn. 709,546 A.2d 830 (1988).
The defendant objects to the plaintiff's request to amend its complaint on the basis that a complaint may not be amended after a motion to CT Page 8894 dismiss for lack of subject matter jurisdiction is granted. The plaintiff claims that the amended complaint clarifies the existence, as well as the relevance, of its licenses, which it says are properly pled in the original complaint. (Emphasis added.)
The original complaint alleges that: "The Plaintiff Alliance operates various businesses at said locations, which businesses include (i) the retail sale of gasoline, (ii) the retail sale of various food and related goods commonly found in so-called "convenience stores', and (iii) the leasing of the remaining of said real properties to tenants who operate businesses which include the retail sale of gasoline and various food and related goods commonly found in so-called `convenience stores.'" The plaintiff argues that this allegation is sufficient to establish the existence of its business licenses. "The businesses of the Plaintiff as aforesaid cannot be lawfully conducted unless the Plaintiff possesses all of said licenses and unless said licenses are current and of full force and effect." Plaintiff's motion to reargue, paragraph 5. At the time it considered the motion to dismiss, however, this court was not entitled to make such a presumption.
"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone."Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400 (2001). This court is not permitted to look back now to the original complaint and apply new facts alleged by the plaintiff. "It is not a sufficient answer to this [motion] to say that the [complaint] might possibly have been amended so that the necessary fact be made to appear, and that an opportunity for such amendment should have been given. Such a course would in itself have involved an assumption of jurisdiction. It would have been the taking of a step in the proceeding, which could not be taken until jurisdiction had first attached by the presentation of an adequate [complaint] showing the jurisdictional facts." Woodmont Assn. v. Milford, 85 Conn. 517, 524-25,84 A. 307 (1912). When a defendant's motion to dismiss is granted on such a basis the trial court is without jurisdiction to allow the plaintiff to amend its pleadings. Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 100, 680 A.2d 1321 (1996).
Even if this court were to permit the plaintiff to amend its complaint, the amendment would also fail to establish the plaintiff's standing. The plaintiff argues that its various licenses establish a property interest and are afforded constitutional protection. "[T]he hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except `for cause.'" Hunt v. Prior,236 Conn. 421, 437, 673 A.2d 514 (1996). The state statutes regarding licensing for the sale of gasoline and other products do not on their face create such a mandatory entitlement. See Yale Auto Parts, Inc. v.CT Page 8895Johnson, 758 F.2d 54, 60 (2nd Cir. 1985). "Every person has the right to sell gasoline on his own premises, subject only to reasonable regulations for the safety and health of his neighbor and the public. Selling gasoline is not like the selling of electricity or water. These latter are affected with a public interest and may be exercised only by virtue of a public grant, a condition not essential for the sale of gasoline." Kellogg v. Ridgefield, 9 Conn. Sup. 31, 33, ___ A.2d ___ (1940).
This court granted the defendant's motion to dismiss based upon a lack of subject matter jurisdiction on the facts as alleged in the original complaint and is now without jurisdiction to permit any amendments to the complaint. For this reason, the plaintiff's request to amend the complaint is denied.
The Court
By Nadeau, J.