## The Fenwick Hall Company *vs.* The Town of Old Saybrook et al.

First Judicial District, Hartford, January Term, 1897. Andrews, C. J., Torrance, Fenn, Baldwin and Hamersley, Js.

The remedy for a party claiming to be aggrieved by a final judgment rendered in a suit or proceeding over which the court had jurisdiction, is by appeal; and if he neglects to appeal he is estopped from questioning the correctness of such judgment, and cannot afterwards obtain an injunction to restrain its collection or enforcement, on the ground that it was erroneous. For the same reason he cannot challenge the correctness of the principles upon which the court proceeded in reaching its conclusion; as between the parties these questions are *res judicata.*

Nor is he entitled to an injunction on the ground that subsequent events have rendered the enforcement of the judgment inequitable and unjust, where it appears that the matters proved and relied upon for this purpose are, in reality, either questions of law or matters of fact which were involved in the determination of the former proceeding.

The facts in the case at bar reviewed and *held* to afford the plaintiff no ground for claiming the existence of any equities in its favor.

It is not an essential prerequisite to the existence of a highway laid out by

the Superior Court, nor to the right to collect the damages and bene-- fits assessed therefor, that the report of the committee should be re- corded by the clerk of such court, as provided in § 2719 of the General Statutes.

If a town fails to comply with a judgment of the Superior Court directing it to construct a highway, it may be compelled to do so; but its mere failure does not relieve a party from paying the amount assessed against him as special benefits, nor entitle him to enjoin the town from collecting such amount by execution.

[Argued January 6th—decided March 23d, 1897.]

SUIT to restrain the defendants from selling certain real estate of the plaintiff, or placing any lien thereon, brought to the Superior Court of Middlesex County and tried to the court, *Hall, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*Lewis E. Stanton,* for the appellants (defendants).

No facts to justify the decree are set forth in the record or finding. Gen. Stats., § 1111. Facts enough to justify the decree of à court of equity, must be set forth in the judgment itself. *Goodrich* v. *Stanley,* 23 Conn. 83. Nor is this judgment in compliance with the rules of court upon this subject. Superior Court Rules, No. 17, § 5. It is not essential to the validity of the layout of a highway that the report of the committee should be recorded. Section 2719 is directory merely. *Gallup* v. *Smith,* 59 Conn. 354. The judgment of the Superior Court cannot be collaterally attacked. This certainly cannot be done by setting up equities which ought to have been stated in former suits. *Beers* v. *Botsford,* 13 Conn. 152. The former cause of action cannot be split into parts and a new suit maintained as to some parts of it. This is exactly what the plaintiff attempts to do. *Marlboro* v. *Sisson,* 31 Conn. 332; *Pinney* v. *Barnes,* 17 id. 420; *Burritt* v. *Belfy,* 47 id. 323. A judgment for part of an entire demand is a bar to any other suit for another part of the same demand. Each one of these assessments was part of the subject-matter of the former suit. The present plaintiff makes not the slightest pretense to

obtain any revision of the assessment. It comes into court declaring the assessment to be unjust, but proposes that the assessment against all other parties than itself shall stand. In other words, it proposes that other parties benefited to the extent of $4,513.61 shall pay that sum in full, while the Fenwick Hall Company benefited to the extent of $5,872.10 shall pay $1,500. The Superior Court had not the slightest jurisdiction to impeach or overturn this assessment. Indeed, it has not attempted so to do. The finding of the committee is conclusive as to all matters of fact determined by them. *Waterbury River Turnpike Co.* v. *Litchfield*, 26 Conn. 210; *Ashmead* v. *Toby*, 26 id. 312. The common convenience and necessity of a proposed highway is a question of fact, not to be reviewed by the Superior Court. *Peckham* v. *Lebanon*, 39 Conn. 235; *Goodwin* v. *Wethersfield*, 43 id. 437. Facts which have occurred since the report of the committee will not be considered by the court. *Ives* v. *East Haven*, 48 Conn. 272–290. The committee were the sole judges of the financial ability of the town, and the cost of the highway. *Bristol* v. *Branford*, 42 Conn. 321; *Hartford* v. *Day*, 64 id. 250. The layout of a highway by court and commissioners is *res adjudicata*, and is no longer open to litigation. New matter may be shown on petition for discontinuance of a highway, but not on a mere application like the present for an injunction. *Webb* v. *Rocky Hill*, 21 Conn. 468; *Perkins* v. *Andover*, 31 id. 601. This assessment is a tax laid for public purposes. If a tax is valid it is to be collected. If illegal it may be recovered back; and it makes no difference whether the town or city is applying the money to an illegal purpose or otherwise. *Gillette* v. *Hartford*, 31 Conn. 352. No taxpayer can lawfully refuse to pay his tax on the ground that the town may misapply the money. It is said that the town intends to use it for ordinary repairs, and that it has so declared by a vote. We answer it makes not the slightest difference what their intent may be. Their vote may be entirely unlawful. That vote furnishes no excuse to an assessed party, and constitutes no defense against an assessment, lawful when made.

*Morris W. Seymour*, with whom was *Howard H. Knapp*, for the appellee (plaintiff).

The defendant is estopped from claiming or proving that the bridge is not a completed structure. Gen. Stats., §§ 2704, 2962. Nearly all the alleged errors of law pivot on the defense of *res adjudicata*. The claim of the defendant was and is,‌ that the judge of the court in the case of Matson et al. v. Town of Old Saybrook, had finally and conclusively settled all questions regarding this assessment, and that we are not at liberty to attack that judgment collaterally, or in any other way. We have nothing to do with that judgment, *except* to restrain the defendant from making an unjust and inequitable use of it, and in this branch of our case, this was just what we sought to have done. The injunction decree does not run against the judgment, but against the town which is attempting to inequitably enforce such judgment. *Wells* v. *B'pt Hydraulic Co.*, 30 Conn. 316. The town had no right to collect money from special benefits for the ordinary purposes of repairs of highways. Private property can only be taken, after just compensation, for public and not for private purposes ; and not then except by due process of law. The finding is positive,‌ that the collection of the $5872.10, which we seek to enjoin the town from collecting out of our property, will be " only for the maintenance and repair of said highway and bridge." The entire expense of such maintenance and repair must be collected from all the inhabitants of a town alike, in proportion to the amount of taxable property owned by each, like the other ordinary expenses of the town. In order that the town might enforce the former judgment it was necessary that it should have been recorded. Gen. Stats., § 2719. And it should be recorded in the town clerk's office of the town in which the highway is laid out, the only place where its record could be of any advantage to the parties interested. The benefits assessed exceeded the damages and one half of the estimated cost of the improvement, in violation of § 2720. The judgment, however, in the case of Matson et al. v. Old Saybrook, shows two things : First, that that judgment is on the face of the papers abso-

36 MARCH, 1897.

Fenwick Hall Co. v. Old Saybrook et al. Vol. 69

lutely void. Secondly, that the principles of the assessment, apparently approved by the Superior Court in its judgment, are in direct violation of the statute laws of the State of Connecticut. Judgments entered by a court without jurisdiction can be attacked collaterally, and will be held void in such collateral proceedings. *Dynes* v. *Hoover*, 20 How. 65–80. The jurisdiction of any court exercising authority over a particular subject, may be inquired into in every court, when the proceedings of the former tribunal are relied on and brought before the court by the party claiming the benefit of such proceedings. *Elliott* v. *Pearsall*, 1 Pet. 328; *Hickey* v. *Stewart*, 3 How. 750; *Thompson* v. *Whitman*, 18 Wall. 457; *Woodruff* v. *N. Y. & N. E. R. R. Co.*, 59 Conn. 63; *Penywit* v. *Foote*, 27 Ohio St. 600; *Beardsley* v. *Dolge*, 143 N. Y. 160. Tribunals for the layout of highways are always considered tribunals of inferior jurisdiction. *Beardsley* v. *Dolge*, *supra*. The Superior Court in the case of Matson et al. v. Old Saybrook, was a court of limited jurisdiction. That is, it had no jurisdiction excepting that conferred upon it by statute, and unless the necessary statutory prerequisites had been taken, it had no jurisdiction whatsoever. In every case the finding of the fact by the committee that the proposed highway is of public convenience and necessity, is a jurisdictional prerequisite, and until that fact has been so found, it cannot proceed one step further. *Webb* v. *Rocky Hill*, 21 Conn. 475; *Pierce* v. *Southbury*, 29 id. 490; *Perkins* v. *Andover*, 31 id. 601; *Hoadley* v. *Waterbury*, 34 id. 38; *Peckham* v. *Lebanon*, 39 id. 231; *Bristol* v. *Branford*, 42 id. 321; *Goodwin* v. *Wethersfield*, 43 id. 447. The finding in question is in a legal sense no finding at all. Public convenience and necessity can under no circumstances be made to be dependent upon the happening or non-happening of any particular event, and especially cannot be made dependent upon a proposition of law.

HAMERSLEY, J. The plaintiff is owner of the hotel known as Fenwick Hall in the town of Old Saybrook, and of the piece of land on which the same is built. This property is

separated from another portion of the town by an estuary of
Long Island Sound, about three quarters of a mile in width.
Many years ago the plaintiff or its predecessors in title, for
the purpose of rendering said hotel convenient of access,
expended a large sum in constructing a bridge across this
estuary, and has maintained the same at its own expense.
William L. Matson and others owning land in the neighbor-
hood of the hotel, applied to the selectmen of the town to lay
out a highway across the estuary, and, upon their refusal,
brought an application to the Superior Court claiming a judg-
ment for a lay-out and the assessment of damages and bene-
fits incident thereto.   In June, 1894, the Superior Court
rendered judgment against the town, ordering a highway
seventy feet in width to be laid out across the estuary and
over the land adjoining the same (the said bridge being in-
cluded within the limits of the highway), and ordering the
highway so laid out to be constructed and opened for public
travel on or before June 3d, 1895 ; and also rendered judg-
ment in favor of the town to recover of the present plaintiff
the sum of $5,872.10, being the amount of special benefits
duly found and assessed against it; and adjudged that the
present plaintiff pay said sum to said town on or before
August 1st, 1894, and that said assessment be collected in
the same manner as town taxes may by law be collected.
The plaintiff did not pay said assessment, and the town pro-
cured a warrant to be issued for the collection of the same
in the manner provided by law for the collection of town
taxes.   On October 10th, 1894, the collector of the town
levied this warrant on the real estate of the plaintiff and
advertised the same for sale at public auction according to
law.   The sale was adjourned from time to time, and on
May 4th, 1895, the plaintiff brought this complaint asking a
permanent injunction restraining the town from completing
the levy of the warrant.   The Superior Court rendered judg-
ment for such permanent injunction.

The lay-out of the highway and assessment of benefits was
a judicial proceeding, to which the plaintiff was duly made
a party ; and, as the finding shows, it did appear and was

heard.    The plaintiff therefore is bound to pay the amount
assessed against it by force of a final judgment of the Supe-
rior Court, in a cause to which it was a party.    The order
on the plaintiff to pay the assessment, immediately became
a debt; it is not distinguishable from any other judgment
for debt.    *Welles* v. *Cowles*, 4 Conn. 182, 188.    The warrant
in the hands of the collector is in the nature of an execution
issued on a final judgment.    The plaintiff asks the Superior
Court, as a court of equity, to restrain the defendant from
completing the service of this execution issued upon the
final judgment of the same court rendered nearly one year
before this action was commenced.

The complaint alleges three grounds on which the injunc-
tion is asked, viz.: the judgment against the plaintiff is void;
the defendant has failed to comply with certain statutory re-
quirements which must precede the collection of the amount
assessed; certain events have occurred since the rendition of
the judgment, which render its enforcement unjust and au-
thorize a court of equity to interfere.

The plaintiff claims that the judgment is void, because it
appears from the record of the proceeding that there has
been no finding by a committee that the highway is of com-
mon convenience and necessity.    The committee appointed
by the court, in the report of their doings, after stating their
layout of the highway, say : " We find and report that the
portion of the claimed highway laid out by us, as above set
forth, is of common convenience and necessity, and said
application ought to be granted, assuming that at least $10,000
of assessments of special benefits by reason of said lay-out
can be legally sustained; and we also find as a fact in the
case, that whether the structure to be adopted be a new pile
bridge, or repairs to the present pile bridge, or a permanent
earthwork, or some other structure, the cost to the town of
the proposed lay-out (including a fair estimate of the future
cost which is certain to be incurred over and above ordinary
highway repairs) will be equivalent to a present burden of
not less than $22,000, and that such an expense is beyond
the financial ability of the town to sustain, and an unreason-

able burden to be placed upon the town; and we, therefore, find and report that if an assessment to the amount at least of $10,000 as aforesaid, by reason of said lay-out, cannot be legally sustained in favor of the town, then and in such case the said lay-out of said highway is not of common convenience and necessity, and said application for a lay-out ought to be rejected."

The plaintiff says that this is only a conditional finding; and that without an absolute finding by the committee that the highway claimed is of common convenience and necessity, the court has no jurisdiction to pass any judgment whatever, and therefore the judgment is not only voidable but void, and may be collaterally attacked by the parties to the judgment.

The Superior Court is a court of general jurisdiction. The duty of constructing and maintaining necessary highways is imposed upon towns; in the absence of a statute, the refusal of a town to act in the performance of that duty presents a question within the jurisdiction of the court. The taking of a right of way without compensation also presents a question within the court's jurisdiction. When the statute provides for an application to the Superior Court, upon the refusal of a town to lay out a necessary highway, it prescribes the process for bringing before the court subject-matters within its general jurisdiction, and regulates the manner of exercising that jurisdiction. The fact that incident to the final judgment to be rendered are matters that by themselves might be without its jurisdiction, and that the exercise of some special and limited powers involved should follow the statutory provisions, does not alter the material fact that the main subject-matters of this proceeding are within the general jurisdiction of the Superior Court. Its judgment in such a case is clearly distinguishable from that of an ordinary special tribunal. *Avery* v. *Groton*, 36 Conn. 304, 308. The application is in the nature of an appellate proceeding, and the only strictly jurisdictional fact, *i. e.*, a fact whose absence from the record renders the whole proceeding *coram non judice*, is the fact that the town through its selectmen has

refused to lay out the highway; and on this fact the finding of the Superior Court is conclusive. *Huntington* v. *Birch*, 12 Conn. 142; *Southington* v. *Clark*, 13 id. 370, 373; *Ives* v. *East Haven*, 48 id. 272, 288. Formerly the statute provided that the court should pass upon the question of common convenience and necessity "by committee or otherwise," and it was held the question was properly decided by the court without appointing a committee; *Windsor* v. *Field*, 1 Conn. 279, 284; and that the acceptance of the report of a committee was a finding of common convenience and necessity. *Lockwood* v. *Gregory*, 4 Day, 407, 416. Since the statute has required the question to be sent to a committee, the conclusions of the committee cannot be altered by the court; yet their report being the action of an arm of the court and a basis of its judgment, the court has a supervisory control of the committee, and may reject or accept its report, and in doing either it is in the exercise of its jurisdiction. *Winchester* v. *Hinsdale*, 12 Conn. 85, 94, 100, 13 id. 132; *Clark* v. *Saybrook*, 21 id. 313, 319; *Pierce* v. *Southbury*, 29 id. 490; *Goodwin* v. *Wethersfield*, 43 id. 437; *Hoadley* v. *Waterbury*, 34 id. 38.

In the present case the town remonstrated against the acceptance of the report, on the ground that properly construed it did not find the highway to be of common convenience and necessity. The court overruled the remonstrance, held the committee had so found, accepted the report and rendered judgment accordingly. In this the court acted, whether correctly or not, in the exercise of its jurisdiction. Neither the town nor the present plaintiff appealed. As between them the judgment is a valid final judgment, as valid as if it had been affirmed by this court, and it cannot be attacked in this action.

For the same reason, the error of the Superior Court—if it did err—in the principles of assessment approved in its judgment, cannot affect the validity of the judgment, as between these parties. They are in this action estopped from questioning its validity in that respect; as between them it is *res judicata*. *Terry* v. *Waterbury*, 35 Conn. 526, 533.

And this applies to the claim that the whole amount of benefits assessed by the committee exceeds "one half of the estimated cost of the lay-out," in violation of § 2720. The committee say in their report: "We estimate the cost of such lay-out to be $22,000. We estimate and determine that no person will sustain damage by said lay-out to an amount exceeding the special benefits accruing to him therefrom. We estimate and assess the following special benefits as accruing by said lay-out to the respective persons hereinafter named, over and above any damages sustained by them respectively by reason of said lay-out, including the value of any land taken, and of any interest in said bridge,"—amounting in the whole to $10,450. If the estimate of the committee of $22,000 as the cost of the lay-out, was wrong in law, it was nevertheless adjudged by the court, in the plain exercise of its jurisdiction, to be correct in law, and the only remedy in case of error was by appeal to this court. If the assessment of the total amount of benefits at $10,450 was wrong in fact, the remedy was to move for a re-assessment by a jury. No motion for re-assessment being made, the court had full power and jurisdiction to approve the assessment of the committee, and to render judgment against the respective persons assessed accordingly. The plaintiff having failed to appeal, the judgment is a valid final judgment binding on it, and it cannot in this action attack the assessment as erroneous, either in law or fact.

The plaintiff claims that the defendant cannot lawfully levy its warrant, because the report of the committee has never been recorded in the town of Old Saybrook or elsewhere. The statute (§ 2719) says that when the report "is accepted, it shall be recorded, and said road shall be a public highway." This is mandatory and makes it the duty of the clerk of the Superior Court to record the report when accepted. But neither the existence of the highway, nor the right to collect the damages and benefits assessed, depends on the immediate performance by the clerk of this duty. He did in fact record the report before this action was commenced. The lay-out map of the highway, made by reference a part of the

report, was at the time filed in the office of the town clerk, and a copy of the judgment was afterwards recorded there; this is a proper course, but is not an essential prerequisite to the collection of the benefits assessed. It was not necessary to record the fact of the completion of the highway. Section 2704, which makes such record necessary to the collection of benefits assessed, applies to improvements made by a municipality, and not to a highway laid out by the Superior Court. Section 2962 relates to the general law of land records, and affects no question arising in this case.

There are only two facts alleged and proved as the basis of the plaintiff's claim, that since the rendition of the judgment events have occurred which render its enforcement unjust, and authorize a court of equity to interfere.

The first is the passage of a resolution and vote by the town of Old Saybrook as soon as it learned of the final judgment, and five days after the judgment was rendered. The resolution was: "*Resolved,* That the selectmen of this town be and are hereby instructed and authorized to repair and put in condition for use, as soon as expedient after the first of September next, the bridge known as Fenwick Bridge, . . .; also to make demand for the payment of assessments as prescribed by the court within the limit of the time specified, upon all persons mentioned in the decision aforesaid." The vote was: " *Voted,* That all assessments for Fenwick Bridge collected and paid into the town treasury shall be invested as a fund, and the income therefrom with the principal, as may be necessary, to be used in repairing said bridge." The plaintiff claims that this vote proves that it is the intention of the town to collect the full amount of the benefits, and to invest the amount of the excess of said sum over the cost of the lay-out and construction of said highway and bridge, and to use the interest derived therefrom, and such part of the principal as may be required, for the purpose of keeping said bridge in repair; and the court below finds this intention as a fact. It is apparent, however, from the whole finding, that this is a conclusion of law from the language of the resolution and vote, and it is also apparent that such conclusion

does not necessarily follow. The order for the construction of the highway laid out, plainly contemplated, as the bridge structure to be adopted, "a new pile bridge, or repairs to the present pile bridge;" and if the latter structure, i. e., "repairs to the present pile bridge," should be adopted, it as plainly contemplated a renewal of the present pile bridge. Whether this was erroneous or not is not now an open question; it must be accepted as valid by the plaintiff in this action. The resolution of the town declared, in pursuance of the order, that the bridge structure adopted should be "repairs to the present pile bridge," and appropriated the assessments to be collected to that purpose.

If, however, the plaintiff's construction of the town vote is correct, and an intention is thereby proved of appropriating the money collected to an illegal purpose, the town may be enjoined from carrying out such wrongful intention, but the mere existence of such intention does not relieve the plaintiff of his obligation under a valid judgment, and does not entitle him to ask an injunction restraining the levy of an execution on that judgment.

The other fact is the repair by the town of the "present pile bridge," to an extent sufficient to open the same for public travel, at a cost of $4,896.30. The trial court also finds that such repair constitutes a completion of the bridge structure ordered by the court. But this is a conclusion of law, and we think erroneous. It is based upon permitting the plaintiff to do the very thing the judgment estops him from doing, i. e., to contest its legality. The judgment accepts the report of the committee, finds the facts to be as stated therein, approves the legal principles on which the assessments were made, adjudges that the assessments so made by the committee are legal, and orders that the highway, including the bridge, be constructed as laid out by the committee. It is plain that the bridge structure ordered, and for the cost of which assessments of benefits were made, contemplated a bridge to be built by removing and replacing from time to time portions of the "present pile bridge." (Whether the order also contemplated any other repairs is

not material to the present question.) And so the plaintiff urges that because the judgment assesses benefits for a bridge built in that manner, it is in violation of statute law and illegal. He is estopped from questioning the legality of the judgment. The only ground on which he can ask an injunction is that the defendant has not yet expended more than $5,000 in construction. There is nothing in the claim that the complete construction must precede the payment of assessments; the judgment ordered the payment of the assessments within two months from its date, while the opening of the highway for public travel was fixed for one year from its date. The remedies for compelling a town to comply with the order of the court in the construction of the bridge, are ample; *Treat* v. *Middletown*, 8 Conn. 243, 246; General Statutes, § 2721; but a mere failure on the part of the town. does not justify the plaintiff in its disobedience to the mandate of the judgment, nor authorize the court to enjoin the town against levying the execution. Even if the judgment may be construed as requiring the town to fully complete the bridge structure ordered, on or before June 3d, 1895, the town has either failed to comply, or it has not. If it has failed, the remedy should be by mandamus or other process for compelling compliance; but if it has complied with the judgment, the plaintiff cannot, under the claim that the judgment is erroneous, ask a court of equity to restrain the levy of an execution on a judgment whose validity it is estopped from denying, because, by reason of its own failure to appeal, it may suffer some practical injustice.

The case as presented by the record is somewhat confusing; and the error of the trial court was apparently the natural consequence of confusion induced by the immaterial issues of fact on which the trial seems to have turned. The defendant's second defense put in issue as facts, questions of law, as well as the very matters the plaintiff was estopped from asserting. But a careful consideration of the record discloses with reasonable certainty, that the alleged equities in the plaintiff depend wholly upon the alleged illegality in the judgment. The question of error in the judgment is not

before us; the plaintiff cannot assert it.    But assuming the
judgment to be correct, it is patent that no injustice is done
the plaintiff.    Upon the application for a highway, the Supe-
rior Court found these facts: The construction of the high-
way practically meant building a road three quarters of a
mile long across an estuary of the Sound.    This required,
to stand against high tides and heavy storms, the construc-
tion of an expensive embankment or causeway, or of a bridge
which might be constructed by immediately replacing an old
bridge then standing with an entirely new structure, or by
replacing it by repairs from time to time.    The cost to the
town of the structure by repairs (including a fair estimate
of the future cost which is certain to be incurred over and
above ordinary highway repairs) will be equivalent to a
present burden of not less than $22,000.    Such an expense
is beyond the financial ability of the town to sustain, and is
not required by public necessity.    The highway will specially
benefit adjoining proprietors to an amount equal to the dam-
age done by using their land for the way, and $10,000 more.
Taking into consideration the reduction of the burden by an
assessment for this special benefit, the highway is of common
convenience and necessity.    Thereupon the court placed
upon the town this present burden of $22,000, made bearable
and lawful only by the accompanying assessment of $10,000,
and assessed the proprietors $10,000, being the amount added
to the present value of their property by the peculiar and
special benefit. beyond any public benefit given to it by rea-
son of the lay-out.    This action of the court may or may not
be legally correct.    We cannot now discuss this question;
but assuming, as we must for the purposes of this case, that
the action of the court was legal, its practical justness and
equity is beyond question.

On the other hand, the plaintiff stands in a position pecu-
liarly offensive to a court of equity.    He was made a party
to the application for a highway, he appeared and was heard,
he chose to submit to the judgment now claimed to be erro-
neous, and then refused to obey its mandate; he stood by
while all other persons assessed paid their assessments, and

the town assumed a burden it is unable to bear except as the assessments are paid, and of which it cannot now divest itself; he has secured for his property an increased value equal to the amount of the assessment and, retaining the full benefit of the judgment, now asks a court of equity to relieve him from its obligation.

The principle of equity which the plaintiff invokes in its behalf, is stated by CHIEF JUSTICE CHURCH in *Carrington v. Holabird*, 17 Conn. 530, 537 : " Although bills in equity for injunctions against judgments, as well as new trials of actions at law, are not frequent, yet they are recognized as falling within chancery jurisdiction, and may be sustained in case of mistake and accident, when no other remedy is adequate. This jurisdiction will be exercised, when to enforce a judgment recovered is against conscience, and where the applicant had no opportunity to make defense, or was prevented by accident, or the fraud or improper management of the opposite party, and without fault on his own part." *Wells v. Bridgeport Hydraulic Co.*, 30 Conn. 316, 321.

The facts charged in the plaintiff's complaint and found by the trial court, do not bring its case within this principle. It relies upon its own neglect to justify the appeal for equitable relief; it does not ask for a new trial, and whether entitled to one or not, an injunction without a new trial would be most inequitable. On the facts found, the Superior Court should have dismissed the complaint, and rendered judgment for the defendant.

The judgment of the Superior Court is reversed, and the cause remanded for entry of judgment according to law.

In this opinion the other judges concurred.