Union & New Haven Trust Co. *v.* Bartlett.

------◄•••►------

THE UNION AND NEW HAVEN TRUST COMPANY, TRUSTEE, ET AL., *vs.* STEPHEN S. BARTLETT, AD-MINISTRATOR, ET ALS.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

Whether the donee of a power of appointment has exercised the power or not, depends upon his intention; and where that is to be gathered from extrinsic facts and circumstances as well as from the writing itself, the conclusion is one of fact for the determination of the trial court, whose decision is not subject to revision on appeal unless unreasonable or inconsistent as matter of law with the subordinate facts found.

In the present case a beneficiary for life of a trust fund who had been given the power, "by writing or by will," to appoint the final and

Union & New Haven Trust Co. *v.* Bartlett.

absolute owner of the fund, made a draft of a will in pencil which she signed but which was never witnessed or otherwise executed. A clause in this document gave three legacies, amounting to $16,-000 in the aggregate, to nonrelations, with a marginal note to the effect that such legacies were to be paid from the trust fund, and was followed by clause six which gave the remainder of the trust fund to a married sister and a brother, to be equally divided between them. This instrument was found in a bureau drawer at the home of the donee of the power after her death, although her will, executed fourteen years earlier, had been placed by her in the hands of her executor for safekeeping. She was a woman of intelligence and education and knew that a will to be valid must be properly attested by witnesses. From these and other circumstances, the trial court concluded that the document in question was not intended by its signer to be effectual as a final and completed instrument, and therefore was not a valid execution or exercise of the power of appointment conferred upon her by the creator of the trust fund. *Held* that such conclusion was one of fact and not reviewable, because it could not be said to be unreasonable as matter of law, but, on the contrary, could not well have been otherwise.

Intention deducible solely from written instruments is a matter of law

Argued April 10th—decided July 27th, 1923.

Suit to determine the construction of a portion of the will of Justus S. Hotchkiss of New Haven, deceased, and the validity of an alleged appointment therein authorized, brought to and tried by the Superior Court in New Haven County, *Banks, J.;* facts found and judgment rendered in favor of the defendants Edmund Winchester Kingsbury and Harold H. Bourne, executors of the will of Maud L. Kingsbury, from which the defendants Grace Clark and others appealed. *No error.*

On November 12th, 1915, Justus S. Hotchkiss of New Haven, died, leaving a will which was duly probated, and contained in Article IV the following bequest: ". . . I give to the Union & New Haven Trust Company one hundred thousand ($100,000) dollars in trust to hold for the use of Fanny W. Kingsbury for her life, paying her the net income therefrom

in each year in quarterly payments so far as reasonably practicable, and after her decease paying her sister, Maud L. Kingsbury, said net income in a similar manner; and subject to such life charges I give said fund absolutely on the death of the survivor of said sisters, as Fanny W. Kingsbury may in writing or by will appoint, and in default of such appointment to those who would be entitled to receive it, if she died intestate and were then the absolute owner thereof."

The plaintiff, the Union and New Haven Trust Company, was named in the will as trustee of the above described trust, and duly qualified as such trustee and is now acting in that capacity, and Simeon E. Baldwin, James S. Hemingway and Samuel Hemingway were named as executors of the will and duly qualified and are now acting in that capacity.

Fanny W. Kingsbury died on September 28th, 1919, a resident of Massachusetts, leaving a will dated February 20th, 1905, and a codicil also dated February 20th, 1905, which were duly admitted to probate in Massachusetts. Charles B. Appleton was named as executor of this will but declined to serve, and the defendant Stephen S. Bartlett was duly appointed administrator with the will annexed and duly qualified and is acting in this capacity. In the second clause Miss Kingsbury specifically exercised a power of appointment given her by the will of a deceased aunt in favor of her brother and sisters, and in the fourth clause she disposed of the residue as follows: "Fourth—All the rest, residue, and remainder of my property, real, personal and mixed, I give, devise and bequeath to, and all powers of appointment vested in me and not hereinbefore exercised, I exercise and appoint in favor of, those of my said brother and sisters who shall be living at my decease, to have and to hold to him, her, or them,

and their heirs and assigns to their own use and behoof forever."

Miss Kingsbury was a woman of education and intelligence. There was found in a bureau drawer in her home after her decease, the instrument Exhibit D, in her handwriting in pencil, and its major part was signed by her, while on the page following the page of the signature appeared an attestation clause in due form for a will but without the signature of any witness to the signature of Miss Kingsbury. Underneath the attestation clause appeared clause 11, being an appointment of executors, and followed by clause 10, which contained a specific bequest to the sister of Miss Kingsbury of moneys on deposit in two banks "after all bills against my estate have been paid from these accounts." Exhibit D, dated March 4th, 1919, is in form a complete draft of a will excepting the signatures of the witnesses to the attestation clause, and contains one legacy to Grace Clark of $10,000, one to Elinor W. Crocker of $5,000, and one to Annie G. Pettingill of $1,000, with the notation on the margin: "The following three legacies are to be paid from the property left to me in trust by Justus S. Hotchkiss of New Haven," and also the following clause: "6. Upon the death of my sister Maud L. Kingsbury, I give the remainder of the property, left to me in trust by Justus S. Hotchkiss of New Haven, to my sister Marion K. Appleton, of Brookline, and to my brother Edmund W. Kingsbury at Framingham, to be divided equally between them." These three legatees named in Exhibit D survived Miss Kingsbury, are now living, and were unrelated to her or to Justus S. Hotchkiss.

Maud L. Kingsbury, referred to in the fourth paragraph of the will of Justus S. Hotchkiss and the sixth clause of the will of Miss Kingsbury, died April

1st, 1921, unmarried, without issue, and domiciled in Massachusetts, and the will was duly admitted to probate there. Marion K. Appleton, wife of Charles B. Appleton, referred to in the will of Miss Kingsbury, died June 24th, 1919, prior to the decease of Miss Kingsbury, being domiciled in Massachusetts, and leaving no issue surviving her but leaving her said husband and a brother, Edmund W. Kinsgbury, a defendant herein, and two sisters, Miss Kingsbury and Maud L. Kingsbury. Charles B. Appleton was duly appointed administrator of her estate August 25th, 1921, and duly qualified and is now acting in this capacity.

Another penciled paper writing purporting to have been written and signed by Miss Kingsbury, dated 1916, was found among her effects after her death and contained the erased words: "From the fund of the trust fund held in trust for me by the Union & New Haven Trust Company," and another portion of a clause was crossed off.

After the death of Maud L. Kingsbury, April 1st, 1921, the plaintiff, the Union and New Haven Trust Company, as trustee, and said executors under the will of Justus S. Hotchkiss, brought this action claiming an adjudication of various questions made by certain of the defendants, which are stated in the complaint as follows: "(a) Whether said trust fund was validly appointed by said Fanny W. Kingsbury by the paper writing dated March 4, 1919, Exhibit D. (b) If said paper writing was a valid appointment of said trust fund, whether such appointment was effective as of the date of the signing of said paper writing, or as of the date of the death of said Fanny W. Kingsbury. (c) If said paper writing was a valid appointment effective as of the date of the death of said Fanny W. Kingsbury, whether the appointment of a part of said trust fund to said Marion K. Appleton is operative,

or whether such share is to go as in default of appointment. (d) Whether said trust fund was validly appointed by said Fanny W. Kingsbury by her last will dated February 20, 1905, Exhibit C, which will was executed prior to the death of said Justus S. Hotchkiss, and prior to the execution of the will of said Justus S. Hotchkiss. (e) If said trust fund was validly appointed by both said paper writing and said will of Fanny W. Kingsbury, as to which appointment takes precedence and is effective, and who is entitled to said trust fund thereunder. (f) Whether there was any valid appointment by said Fanny W. Kingsbury in writing or by will of said trust fund, and if not, what person or persons are entitled thereto in default of such appointment. (g) What person or persons are now entitled to said trust fund and in what amounts and shares."

The Superior Court held that the trust fund in question had not been validly appointed by Exhibit D, and that it was unnecessary to determine whether it was validly appointed by the residuary clause of Fanny W. Kingsbury's will, dated 1905, because her brother Edmund W. Kingsbury, and the executor of his sister, Maud L. Kingsbury, were entitled to the entire fund in equal portions, either under the will of Mr. Hotchkiss or under the will of Miss Kingsbury.

*J. Dwight Dana,* for the plaintiff.

*George E. Beers,* and *Richard B. Stanley* * of Boston, for the appellants (defendants Grace Clark *et als.*).

---

* All pleadings and briefs should be signed *only* by counsel who are members of the Connecticut bar; but counsel who are members of the bar in any other State and qualified to practice before its highest court, will be permitted by this court to take part in the oral argument of a case pending before it, upon introduction by a member of the local bar. See, also, 98 Conn. 362.        *Reporter.*

Union & New Haven Trust Co. *v.* Bartlett.

*James E. Wheeler,* for the appellant (defendant Charles B. Appleton, administrator).

*Lewis L. Field,* for the appellee (defendant Harold H. Bourne, executor).

*George D. Watrous,* with whom, on the brief, was *George D. Watrous, Jr.,* for the appellee (defendant Edmund Winchester Kingsbury).

*Eliot Watrous,* for the appellee (defendant Bartlett, administrator).

WHEELER, C. J.   Under Article IV of the will of Justus S. Hotchkiss, a trust fund was created for the use of Fanny W. Kingsbury for her life, and after her decease to her sister Maud L. Kingsbury for life, and upon the death of the survivor of these sisters, to such person or persons as Fanny W. Kingsbury might in writing or by her will appoint, and in default of such appointment to those who would be entitled to it if she were the absolute owner of the fund and died intestate.

Upon the death of Mr. Hotchkiss, Miss Kingsbury had the right to exercise the power of appointment so given under his will. On March 4th, 1919, she drafted and signed Exhibit D, in pencil and in due form as a completed will, except in the omission of the witnesses to her signature. Exhibit D does contain an appointment in writing which in point of form is in literal compliance with the provisions of Article IV of the will of Mr. Hotchkiss. The trial court held that "whether or not an instrument operates as an execution of a power of appointment depends upon the intention of the donee of the power." This is the unquestioned law; and this intention must appear

from the express words or necessary implication. 31 Cyc. 1121, and cases cited under note 69. Whether a power of appointment has been exercised, is a question of intention and a question of intention only. *Re Rickman,* 80 L. T. Rep. N. S. 518. If the circumstances make the intention to exercise the power doubtful, it must be held that the power has not been executed. 1 Story's Equity Jurisprudence (14th Ed.) p. 245. In obedience to this principle the trial court held that Miss Kingsbury did not execute this instrument "with the intention of thereby executing her power of appointment under the will of" Mr. Hotchkiss, and hence Exhibit D was not a valid exercise of this power of appointment. The trial court has specifically found that Miss Kingsbury did not intend that Exhibit D should operate as an exercise of this power of appointment, from the facts stated in the recital of the facts above, from "an examination of the documents themselves, and the absence of any other circumstances bearing upon the question of intention." If the intention had been found from an examination of Exhibit D, or from that in connection with Exhibit F, together with the wills of Mr. Hotchkiss and Miss Kingsbury, the question of intention would have been reviewable as one of law.

A finding as a fact, of an intention from a vote and resolution, is a conclusion of law made from the language used in the vote and resolution, and hence reviewable as a finding of law. *Fenwick Hall Co.* v. *Old Saybrook,* 69 Conn. 32, 42, 36 Atl. 1068. So the intention or understanding found in an agreement and in a deed and leases will be treated as conclusions of law and held reviewable. *Quinby Co.* v. *Sheffield,* 84 Conn. 177, 193, 79 Atl. 179. But a finding of an intention from stated facts found, is one of fact and not reviewable, unless the conclusion drawn by the trier is one

which he could not reasonably make; otherwise expressed, the conclusion is reviewable if the court "in reaching that conclusion, erred either in law or in logic." *Meriden Trust & Safe Deposit Co.* v. *Miller*, 88 Conn. 157, 162, 90 Atl. 228; *Brosty* v. *Thompson*, 79 Conn. 133, 136, 64 Atl. 1; *Humiston* v. *Preston*, 66 Conn. 579, 584, 34 Atl. 544; *Vivian's Appeal*, 74 Conn. 257, 261, 50 Atl. 797; *Hayward* v. *Plant*, 98 Conn. 374, 379, 119 Atl. 341.

The finding of the trial court states that its conclusion that Miss Kingsbury did not intend Exhibit D to operate as an execution of a power of appointment, was not made from consideration of the documents before the court, but from these together with other facts in evidence before it. The conclusion is one of fact made from subordinate facts, and not reviewable unless made unreasonably, that is, contrary to the law or to the rules of logic. We turn then to Exhibit D, and from it, in connection with the other facts found, seek to discover whether the conclusion of the trial court was so unreasonable as to be erroneous as matter of law.

When Miss Kingsbury drew Exhibit D, she had before her the will of Justus S. Hotchkiss. This we know from the identity of paragraphs in the respective documents. She was a woman of education and intelligence, and knew that a will to be valid must be properly executed and the signature of the testator duly attested. She drew this instrument in her own hand and in pencil. She evidently signed it, and then or thereafter recalled that she had not attached an attestation clause and thereupon attached this to the instrument following her signature. She then or thereafter noticed that she had made no appointment of executors and attached clause 11, providing for the omission. She numbered it 11, although it followed

clause 9. She then or thereafter concluded that she wanted to provide two other bequests and added clause 10. Thus, by her change of the numbering of the paragraph, indicating its place before clause 11 appointing executors. The knowledge of Miss Kingsbury of the requirements in the due execution of a will, the making of this instrument in pencil, the omission of any witnesses, the addition of the two clauses subsequent to the attestation clause, the numbering of these in reverse order, all indicate that she knew that this was not a duly-executed will but was a draft preliminary to a subsequently completed will. The will of Miss Kingsbury and the codicil thereto, both dated February 20th, 1905, were placed by her in the custody of her brother-in-law and named executor, Charles B. Appleton, sometime prior to her death and were in his custody at the time of her death, while Exhibit D was found in a bureau drawer in her home, and had never, so far as appears, been delivered to the executors named in Exhibit D. The disposition and care of her will, and the exactly opposite course with Exhibit D, would suggest the inference that Miss Kingsbury did not intend Exhibit D to be a completed instrument, but rather a tentative or rough draft. The court might well have inferred that Miss Kingsbury intended at some later date to draft or cause to be drafted from the memorandum of her wishes as made in Exhibit D, a completed will which should contain a valid appointment of the trust fund provided for in Article IV of the will of Mr. Hotchkiss, and at that time to execute the instrument so as to give it effect as a will. From the condition of Exhibit D, and taking into account the knowledge concerning the execution of wills which she possessed, the trial court was justified in finding that Miss Kingsbury never intended Exhibit D to be a completed and operative will. And it was also a justi-

fiable inference that if she never intended Exhibit D
to be in its then form an executed will, she could not
have intended any part of that instrument to be then
operative, and hence she could not have intended that
Exhibit D should contain a valid exercise of this power
of appointment for she did not intend any part of that
instrument to be effective. It is inconceivable that
she intended to execute the power and at the same
time intended that several legacies provided for in Ex-
hibit D should not take effect. Under these circum-
stances the trial court might well have doubted her
intention to execute this power; and if it doubted, it
was its duty to conclude as it did. "The intention to
execute the power must be apparent and clear, so that
the transaction is not susceptible of any other in-
terpretation, and, if it be doubtful under all the cir-
cumstances, that doubt will prevent it from being
deemed an execution." 1 Story's Equity Jurisprudence
(14th Ed.) p. 245, and cases cited; *Hill* v. *Conrad*, 91
Tex. 341, 43 S. W. 789.

The trial court also had before it the will of 1905,
in which Miss Kingsbury had inserted a provision
executing any power not specifically executed by this
will, and it might well have drawn the inference that
a woman of Miss Kingsbury's knowledge and ex-
perience in the making of a will and the execution of
a power would not have intended to dispose of this
important trust fund by so slovenly, incomplete and
unbusinesslike an instrument as Exhibit D. The
difficulty with the appellees' position is not as to the
form of the power of appointment, but as to the ab-
sence of an intention on the part of Miss Kingsbury
to exercise such power.

We cannot hold that the trial court's conclusion was
so unreasonable as to be erroneous in law; on the con-
trary, we do not see how it could have reasonably

found that Miss Kingsbury intended Exhibit D to be effectual as a will; unless it could so find, we do not see how it could have found that she intended Exhibit D to have been a valid exercise of Miss Kingsbury's power of appointment under Article IV of the will of Mr. Hotchkiss.

We find it unnecessary to take up the other questions raised upon the appeal in view of the conclusions reached by us.

There is no error.

In this opinion the other judges concurred, except BEACH, J., who dissented.