MARY W. HEISE v. THE CITY OF HARTFORD ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7—decided December 5, 1940.

*Harold Borden,* with whom, on the brief, was *Vincent W. Dennis,* for the appellants (defendants).

*William H. Fogerty,* for the appellee (plaintiff).

MALTBIE, C. J. The charter of the city of Hartford provides for a police benefit fund. Under it as it existed in 1927 the widow of any member of the police department who was killed in the actual performance of duty or died as a result of injuries received while in the actual discharge of duty was entitled to certain payments. 15 Special Laws, pp. 806, 808. By an act of the legislature approved May 25, 1931, this provision was amended to provide for monthly payments to the widow of any member of the police department who died either while in active service or after his retirement; and the word "widow" was defined to

mean "the surviving spouse of such member who shall have been married to him and living with him at the time of his death, if such member is an active member of said department, or who shall have been married to him prior to his retirement from said department and who shall be living with him as his wife at the time of his death." 21 Special Laws, p. 439. By an amendment of the charter adopted in 1935, it was provided that when "a member of the police force should die leaving no widow or children as beneficiaries under the police benefit fund," payments under it "may be made by the police commissioners to any beneficiary previously designated by the deceased member." 22 Special Laws, p. 246. This provision was further amended in 1939 to change the words "may be made" in the quotation above to "shall be made." 23 Special Laws, p. 143.

The husband of the plaintiff had been a regular member of the police force and on June 6, 1927, voluntarily retired. On February 15, 1928, he married the plaintiff. On December 9, 1931, he executed a will in which he recited that "Inasmuch as there will be payable the sum of One Thousand Dollars from the Hartford Police Mutual Aid Association to my wife, Mary Walz Heise, and no claim for any portion thereof will be made by my son Frank H. Heise, and also the sum of One Hundred Dollars from Charter Lodge No. 2, I. O. O. F., and the sum of One Hundred Dollars from the Herman Lodge No. 16, Knights of Pythias, also in view of the fact that my said wife will receive Thirty-six dollars per month from the Widows Police Pension Fund, she will not need any material sum from my estate for her comfortable support and maintenance, I give and bequeath to her the sum of Five Hundred Dollars." Heise died on March 4, 1937. The plaintiff brought this action for a declaratory judg-

ment as to her rights as a beneficiary under the police benefit fund. The trial court held that she was entitled to benefits under it, and from that judgment the defendants have appealed.

The plaintiff is not within the definition of "widow" quoted above, because she had not been married to Heise prior to his retirement. She cannot recover, then, unless she had been effectively designated by her husband as a beneficiary. In making any such designation, a member of the department is exercising a power vested in him by the charter. It is a general principle that to constitute a valid exercise of a power, the intention to execute it must be apparent and clear; *Union & New Haven Trust Co.* v. *Bartlett,* 99 Conn. 245, 255, 122 Atl. 105; notes 91 A. L. R. 434, 127 A. L. R. 249; and, as pointed out in the *Union & New Haven Trust Co.* case, where the effectiveness of a designation depends solely upon the terms of a written instrument, whether such intention exists presents a question of law. Heise's will was made before the enactment of the amendment to the charter giving a right to designate beneficiaries and this is an element to be considered. 91 A. L. R. 621. The will does not purport to vest in his wife a right to benefits under the fund, but can only be construed as expressing a mistaken belief that, under the terms of the charter as it then stood, she, as his widow, would be entitled to those benefits. There is wholly lacking any expression of intention to vest any right in her by his act or to execute any power he might have to designate a beneficiary. The defendants advance other reasons why the plaintiff is not entitled to recover, but in view of the fact that she was not properly designated as a beneficiary, it is not necessary to consider them.

It is true that under the war risk insurance act,

which permits the designation of a beneficiary during the life of the husband or by his will, one who is sole legatee of the holder of a policy under a will executed before its issuance has been permitted, in the absence of a designation of any other beneficiary, to recover its proceeds but the soundness of that conclusion has been questioned; *Reivich* v. *United States,* 25 Fed. (2d) 670, 671; and it certainly does not accord with the principle underlying the decisions to which we have referred.

Under the 1931 amendment to the charter, it is provided that each member, active or retired, of the police department shall pay to the police benefit fund 1 per cent of his salary or pension and that this sum shall be deducted from the monthly payment due him. Receipt of this sum by the officers in charge of the fund could not give rise to an estoppel which would avail the plaintiff. Not only was the acceptance of the money required by the charter and therefore not the voluntary act of the officers of the city, but the payment of benefits to the plaintiff would be contrary to its express terms and estoppel cannot be invoked to compel a municipality or its officers to do an act expressly forbidden by law. *Comley, State's Attorney, ex rel. Fitzroy* v. *Trustees of Firemen's Relief Fund,* 122 Conn. 650, 660, 191 Atl. 729.

There is error, and the case is remanded with direction to enter judgment that the plaintiff has no right to benefits under the police benefit fund.

No costs will be taxed in this court.

In this opinion the other judges concurred.