## STATE EX REL. ROLAND E. LAVOIE *v.* BUILDING COMMISSION OF THE TOWN OF TRUMBULL

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 14—decided December 22, 1948—reargued February 4
—amended opinion filed March 21, 1949.

*David R. Lessler,* for the appellant (plaintiff).

*Samuel G. Payne,* for the appellee (defendant).

MALTBIE, C. J.   The relator, hereinafter called the plaintiff, brought this action to secure an order in the nature of mandamus to compel the defendant building commission to issue to him certain permits for the erection of houses upon lots he owned, and from a judgment for the defendant he has appealed.

The finding, with the exhibits annexed to it, sufficiently presents the decisive facts.   Before March 6, 1929, the owners of a tract of land in Trumbull made a layout for the purpose of developing it and under that date filed in the town clerk's office a map which had been approved by the town plan commission and in which the land was subdivided into lots with streets and building lines.   While some of the lots were larger, most of them were 25 by 100 feet.   On December 5,

1934, a further map of a portion of the tract was filed in the town clerk's office. It depicted fifty-six lots, and a comparison with the original map shows that the only change was to state the frontages of sixteen lots as 25 feet instead of 30 feet, as they appeared on the first map. Various persons from time to time purchased lots and some of these have been sold and resold. Sixteen homes were built, some occupying a single lot and some two or more, and the building commission issued permits for the erection of these houses.

In 1940 and 1941 the plaintiff purchased some of the land in the tract, intending to sell, develop and build upon it. When the present controversy arose he still owned thirty-nine lots located on various streets. Under date of June 28, 1947, he presented to the town plan commission a "Revised Map" of a portion of the tract; it was approved by the commission on July 14, 1947, and filed in the town clerk's office. It depicted five lots, each about 72 by 120 feet. These lots took the place of the end of a street 50 feet wide and about 125 feet long appearing on the original map and seven lots delineated on that map, four of which had a frontage of 30 feet and a depth of 122 to 125 feet, one of which was 70 by 124 feet, and two of which were 60 by 123 feet. On July 17, 1947, the plaintiff applied to the building commission for permits to construct sixteen houses on the lots he owned. The applications were accompanied by sketches showing the dimensions of the lots and the proposed location of the houses on them and by a map on which the lots to be occupied by the houses were depicted. One of the lots was unchanged from the way it was delineated on the original layout; five corresponded with those on the revised map referred to above; and the others, while having the same depth as lots on the original layout, had much wider frontages so that they occupied the space of about

twenty-five lots on that layout, and in some instances the side lines of these lots did not correspond with those on the original layout. None of these lots had an area as great as 12,500 square feet. The plaintiff then made application to the zoning board of appeals for a waiver of zoning requirements so that he could construct the houses, but after a hearing the board on September 5, 1947, denied the application and he did not appeal from that ruling. On September 23, 1947, he resubmitted his applications to construct the houses to the building commission. In a letter accompanying the applications his attorney stated that the request to the zoning board for a waiver had been made to expedite matters but without any intention of waiving the legal rights of the plaintiff, and as the request had been denied he would have to insist on those rights. The commission denied the applications on the ground that the proposed plan would violate requirements of the zoning regulations as to the size of lots and as to the dimensions of rear and side yards. The plaintiff then brought this action.

The zoning regulations of the town became effective on July 1, 1938. Among their provisions is one that no building shall be erected for any residential use unless the lot has at least 12,500 square feet for each family housed thereon. Trumbull Zoning Regs. § 4, 15 (f). None of the lots in question as they appeared on the original layout had an area which met this requirement. The regulations, however, contained a paragraph headed "Existing Non-Conforming Use" (§ 3[a]) and this provided that the regulations should not apply to lots or layouts which existed prior to their enactment. The original layout and the amendment to it had been filed in the town clerk's office before the regulations became effective. The plaintiff, successor in ownership to a portion of the tract, had the

right to erect a house upon each of the lots as so delineated. The regulations define a lot as a "lot or plot occupied or intended to be occupied by one building or one unit group of buildings and its accessory buildings and uses, including such open spaces as are provided or as are required by these regulations." The plaintiff might no doubt combine two or more of the lots into a single lot for the purpose of erecting one house upon it if its use for that purpose would comply with the requirements of the regulations; but he could not do so unless the single lot resulting from the combination complied with those requirements. Such a combination of lots would not, however, be a continuation of the use proposed in the original layout but a change in that use. The revised map, approved by the town plan commission and filed in the town clerk's office after the regulations became effective, was a substitute for a portion of the original map and constituted as definite a layout of the land included in it as did the original. The map accompanying the applications for the building permits was not approved by the town plan commission or filed in the town clerk's office. It represented, however, with the exception of the lot corresponding to the original layout, a proposed use of the tract in question in a different way from that appearing on the layouts on file, and it was upon the basis of the proposed use that the building commission was asked to act. Zoning is concerned primarily with the use of property. *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 32, 54 A. 2d 675. A formal layout of a tract of land is no more than a statement of an intended use of property which, at least until the rights of others have intervened, may be altered at any time. The change in use of the tract of land which the plaintiff proposed to make by the revised map and the map filed with the building commission brought the situa-

tion, with the exception of the one lot, within the restrictions of the regulations and the plaintiff had no right to make such a use of the lots.

The plaintiff claims an estoppel arising out of the action of the town plan commission in approving the revised map. This could in any event apply only as regards the five lots on the revised map. The plaintiff requests an addition to the finding to the effect that he purchased materials at large expense for the construction of the houses and had excavations made for ten cellars; but the request does not suggest that any of the expenditures made for these purposes were incurred in reliance upon the approval of the map. The commission was established under a special law which provided that before exercising its powers it should adopt regulations governing the subdivision of land. 22 Spec. Laws 771. Among the regulations adopted was one containing a provision: "All lots shall be the size required by the Zoning Regulations." Trumbull Subdiv. Regs. (1938) § 10. None of the lots depicted on the revised map contained 12,500 square feet as required by those regulations. The commission acted beyond its powers in approving the map. *St. John's Roman Catholic Church* v. *Board of Adjustment or Appeals,* 125 Conn. 714, 724, 8 A. 2d 1. At least in the absence of other circumstances, the erroneous action of the town plan commission does not establish such an estoppel as would compel the building commission to grant the applications. ". . . estoppel cannot be invoked to compel a municipality or its officers to do an act expressly forbidden by law." *Heise* v. *Hartford,* 127 Conn. 359, 363, 17 A. 2d 8; *Comley ex rel. Fitzroy* v. *Trustees of Firemen's Relief Fund,* 122 Conn. 650, 660, 191 A. 729; *Lipsitz* v. *Parr,* 164 Md. 222, 227, 164 A. 743; *Seeger* v. *Mueller,* 133 Ill. 86, 95, 24 N. E. 513. If, as the plaintiff claims, the lots now owned by

him are so located that it is impossible in certain instances to utilize the land in such a way as to meet the requirements of the zoning regulations, either that condition, if it then existed, is one which he should have taken into consideration when he bought the lots or, if it is due to his sale or use of lots since he purchased, the results are attributable to his own fault.

The plaintiff, seeking a permit under the building code, is in no position to claim it to be unconstitutional because no appeal from the building commission is provided. *Spector Motor Service, Inc.* v. *Walsh,* 135 Conn. 37, 42, note, 61 A. 2d 89.

The plaintiff contends, however, that the building commission had no right to deny the applications for permits on the ground that the use of lots for the buildings would violate the zoning regulations, but that if the plans for them complied with the specific provisions of the building code as to methods of construction he was entitled to the permits. The building code was no doubt enacted under the provisions of § 390 of the General Statutes authorizing towns "to make rules relating to . . . the construction of buildings." The power granted under this statute is distinct from the authority given towns to establish zoning regulations. *Madison* v. *Kimberley,* 118 Conn. 6, 10, 169 A. 909; *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189, 192, 25 N. E. 2d 203. Building codes are enacted primarily for the purpose of protecting the health and securing the safety of the occupants of buildings. 3 McQuillin, Municipal Corporations (Rev. Ed.) § 1016. We would hesitate to hold that the location of a proposed building upon a lot might not be a proper matter to include in a building code at least in so far as it might be a factor in serving the purposes of such codes. See *Building Commission* v.

*Kunin,* 181 Mich. 604, 611, 148 N. W. 207; *Daniels* v. *Portland,* 124 Ore. 677, 265 P. 790.

Be that as it may, the building code before us states its objects to be to regulate the moving, alteration, construction and location of buildings in order to provide for their safety and safe use and "for all other matters pertaining to buildings, structures and building operations." Trumbull Building Code, Art. 1 § 3. It provides that an application for a permit shall describe "the location of the premises and location of the building or structure on the premises." Art. 1 § 9. The application blanks for permits used by the plaintiff contained a requirement that the applicant "give figures . . . locating new building on lot" and contained a diagram to be used for that purpose. The diagrams and sketches attached to the applications stated the dimensions of the lots on which the buildings were to stand. These made it evident that the area of each of the lots was less than the 12,500 square feet required by the zoning regulations. The building commission found itself confronted with applications for permits to erect buildings upon lots the use of which for such buildings would, with one exception, violate the regulations. To hold that a licensing board must issue a license to an applicant who meets the specific requirements of the statute or ordinance under which it acts when it is satisfied that the exercise of the powers conferred would be in violation of law is to take an untenable position; it is implicit in the grant of the power to it that it cannot authorize an illegal act. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 485, 196 A. 344; *Ostrowsky* v. *Newark,* 102 N. J. Eq. 169, 172, 139 A. 911; see *State ex rel. Banner Grain Co.* v. *Houghton,* 142 Minn. 28, 170 N. W. 853; *Lipsitz* v. *Parr,* supra, 227.

Particularly is it true in this case that the commis-

sion acted properly in denying the permits for all the lots, with the exception of the one delineated on the original layout. The building code provides for the appointment of a building inspector by the commission. The zoning regulations state that they shall be enforced by the building commission acting through the building inspector and forbid any person to commence to construct a building until granted a permit by the commission. Section 430 of the General Statutes in making provision for the enforcement of zoning regulations states: "If any building or structure shall have been erected, constructed, altered, converted or maintained, or any building, structure or land shall have been used, in violation of any provision of this chapter or of any by-law, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such unlawful erection, construction, alteration, conversion, maintenance or use or to restrain, correct or abate such violation or to prevent the occupancy of such building, structure or land or to prevent any illegal act, conduct, business or use in or about such premises." It would approach the absurd to hold that the building commission, presented with an application for permission to erect a house upon a lot the use of which for that purpose would violate the zoning regulations, must issue the permit if it complies with the specific requirements of the building code and then proceed to institute proceedings to prevent a violation of those regulations. The plaintiff was entitled to a permit for the construction of the house upon the lot the dimensions of which were unchanged from those on the original layout, but the commission did not exceed its powers in denying the applications for permits as regards the

other lots on the ground that the proposed use of them would violate the regulations.

There is error in part, the judgment is set aside and the case is remanded with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.