STATE OF CONNECTICUT *v.* WILBUR G. SMITH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-64028

Argued November 18—decided December 20, 1968

*Howard Klebanoff,* of Hartford, for the appellant (defendant).

*Cornelius J. Shea,* prosecuting attorney, for the appellee (state).

PER CURIAM. The state's motion to dismiss was based on two grounds: (1) failure to file a draft finding within the time allowed by the rules; (2) filing a draft finding which was not signed by the accused or by his attorney or by any person admitted to practice in the courts of the state of Connecticut. See Practice Book § 996.

As to the first ground, it was conceded by the state on oral argument that its motion was not filed within ten days after the ground for dismissal arose and therefore must fail. Practice Book § 976.

As to the second ground for dismissal, if we consider it as "any other proper ground" (Practice Book § 976) it too should be filed within ten days after the ground for dismissal arose. However, we consider the state's motion on this ground as a mere technicality; the draft finding as filed had typed at the end both the names and addresses of Connecticut and New York attorneys as attorneys for the defendant but was signed by a New York attorney who, it was conceded, was not a member of the Connecticut bar. On the same date that the motion to dismiss was filed, Connecticut counsel for the defendant filed a motion to amend the draft finding by permitting Connecticut counsel to sign the draft finding. This motion was not acted upon by the trial court.

We are aware of the rule as set forth in *Union & New Haven Trust Co.* v. *Bartlett,* 99 Conn. 245, 250 n., that "[a]ll pleadings and briefs should be signed *only* by counsel who are members of the Connecticut bar"; and of *Jaretzki* v. *Strong,* 98 Conn. 357, 362 n., where the "Court declined to receive briefs unless they were signed by attorneys authorized to practice in this State." But in this latter case the court allowed, in open court, a Connecticut counsel to sign the brief originally submitted and signed by New York counsel, and the court accepted the brief.

"In ordinary practice if a trial court is of the opinion that counsel for an appellant has failed to furnish a proper draft-finding through inadvertence or a misconception of the rules, it will endeavor to give counsel an opportunity to furnish a proper draft-finding. It will do this of its own motion in

order to protect the rights of the litigant." *Carlson v. Robertson,* 100 Conn. 524, 526.

In the instant case, when Connecticut counsel for the defendant learned that New York counsel had forwarded the draft finding direct to the court, they made their motion to amend.

The motion to dismiss is denied, and it is ordered that the motion to amend be granted.

KOSICKI, JACOBS and KINMONTH, Js., participated in this decision.